The STATE of Ohio, Appellee,

v.

GODFREY, Appellant.

[Cite as *State v. Godfrey,* 183 Ohio App.3d 344, 2009-Ohio-3726.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081115.

Decided July 31, 2009.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.

---

RALPH WINKLER, Judge.

{¶ 1} Defendant-appellant, Nobblin Godfrey, was found guilty by a jury of aggravated robbery, robbery, and four counts of felonious assault. On June 18, 1997, after merging various counts, the trial court sentenced Godfrey to a term of ten years' incarceration for aggravated robbery and to two eight-year terms for felonious assault. The court also imposed two three-year terms for separate firearm specifications. All terms were made consecutive, for an aggregate term of 32 years. On appeal, we vacated the three-year term imposed for one firearm specification, reducing Godfrey's aggregate term to 29 years, and affirmed the trial court's judgment in all other respects. We did not remand the case to the trial court. On October 19, 1998, the trial court, apparently under the mistaken belief that we had remanded the case, entered an order vacating the same firearm-specification sentence and affirming all other sentences.

{¶ 2} On October 17, 2008, Godfrey appeared before a different trial judge for resentencing. The record does not state why Godfrey was returned for resentencing, but it appears that he was returned for the imposition of postrelease control. The original trial judge had not notified Godfrey about postrelease control and had not journalized a sentencing entry containing postrelease-control language. The present trial court, without merging allied offenses of similar import, sentenced Godfrey for aggravated robbery, robbery, four counts of felonious assault, and one firearm specification. The court then ordered the sentences for aggravated robbery and robbery to be served concurrently, the sentences for two counts of felonious assault to be served concurrently, and the sentences for the other two counts of felonious assault to be served concurrently. The concurrent sentences were made consecutive to each other and to the firearm-specification sentence, for an aggregate term of 29 years' incarceration.

The court notified Godfrey about postrelease control and journalized a sentencing entry that included postrelease-control language. Godfrey has appealed.

{¶ 3} We first address Godfrey's second assignment of error, which alleges that the trial court erred in imposing Godfrey's sentences because the court did not properly consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 4} Prior to imposing sentence, the trial court is required to hold a hearing and to consider any "information presented at the hearing, any presentence investigation report, and any victim impact statement."[1] In *State v. Mathis*,[2] the Ohio Supreme Court stated, "Although after *Foster*, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."

{¶ 5} In resentencing Godfrey, the trial court stated, "Well, the position I take in a case like this is, because I wasn't the sentencing judge, and this was a case of violence that I, in good conscience, can't change your sentence. If it were something like theft or something like that, I would gladly change your sentence, but someone else heard the facts, someone else * * * determined that this was the proper sentence for you. * * * And it seems to me as though you would be ripe for release in that you have a lot of family support. You've done a lot of good things while you have been incarcerated, but I wasn't the one who sentenced you. * * * And so I don't know enough about the case or know enough about the facts and about the condition of the victim which my predecessor all heard and took into consideration when he sentenced you."[3]

{¶ 6} Trial courts must consider R.C. 2929.11 and 2929.12 when sentencing a felony offender.[4] In sentencing Godfrey, the trial court merely imposed the same aggregate term as the original sentencing judge without considering the appropriate statutory factors. Therefore, Godfrey's sentences must be vacated, and

---

1. See *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

2. See id.

3. T.p. 13–14 (Oct. 17, 2008).

4. See *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

the cause must be remanded for a resentencing hearing at which the trial court must comply with R.C. 2929.11 and 2929.12. We point out that nothing precludes the trial court, after engaging in the analysis required by R.C. 2929.11 and 2929.12, from determining that the aggregate term originally imposed is the appropriate sentence.

{¶ 7} Although the issue of allied offenses has not been raised, we note that the trial court imposed sentences for aggravated robbery, robbery, and four counts of felonious assault. The original sentencing judge had merged various counts and had imposed sentences for one count of aggravated robbery and two counts of felonious assault. R.C. 2941.25 provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 8} The Ohio Supreme Court held in *State v. Harris* [5] that robbery as defined in R.C. 2911.02(A)(2) and aggravated robbery as defined in R.C. 2911.01(A)(1) are allied offenses of similar import and that a defendant cannot be convicted of both offenses when they are committed with the same animus against the same victim. Further, *Harris* held that felonious assault as defined in R.C. 2903.11(A)(1) and felonious assault as defined in R.C. 2903.11(A)(2) are allied offenses of similar import and that a defendant cannot be convicted of both offenses when they are committed with the same animus against the same victim. [6] The prosecution must elect prior to sentencing which offense it will pursue. [7] Godfrey may not be sentenced for allied offenses of similar import.

{¶ 9} The second assignment of error is sustained because the trial court did not properly consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 10} The first assignment of error, which alleges that the sentence imposed by the trial court constituted a denial of due process and subjected Godfrey to cruel and unusual punishment because it was excessive, is made moot by our disposition of Godfrey's second assignment of error, and we decline to address it.

{¶ 11} Godfrey's third assignment of error alleges that his convictions for aggravated robbery and robbery must be vacated under *State v. Colon* (*Colon I*) [8]

---

5. 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, syllabus.

6. See id.

7. See id. at ¶ 23.

8. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917.

and *State v. Colon (Colon II)*[9] because the indictment failed to specify the mens rea for the actus reus elements of the offenses. The argument is premature.

{¶ 12} "A final judgment of conviction occurs when the judgment contains '(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the entry on the journal by the clerk of courts.'"[10] We have held that Godfrey's sentences must be vacated and that the case must be remanded for resentencing. Without a valid sentence, there can be no final judgment of conviction. Therefore, Godfrey's argument that his "convictions for aggravated robbery and robbery must be vacated" under *Colon I* and *Colon II* is not now ripe for review, and we do not address it. The third assignment of error is overruled solely for the reason that it is not ripe for review.

{¶ 13} The judgment of the trial court is reversed, the sentences are vacated, and the cause is remanded to the trial court for resentencing and for further proceedings consistent with law and this decision.

Judgment reversed
and cause remanded.

CUNNINGHAM, P.J., and DINKELACKER, J., concur.

RALPH WINKLER, J., retired, of the First Appellate District, sitting by assignment.

---

9. 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169.

10. See *State v. Harris*, supra, at ¶ 22, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus.