[Cite as *State v. Craig*, 2012-Ohio-2301.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97061

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL CRAIG

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-518877

**BEFORE:** E. Gallagher, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Michael Craig, appeals his resentencing entered in the Cuyahoga County Court of Common Pleas and from the order of the common pleas court overruling his motion to vacate that sentence. Appellant argues that the trial court erred in conducting a resentencing while an appeal was pending in the Ohio Supreme Court, failing to provide a de novo resentencing, and denying appellant's motion to vacate. For the following reasons, we overrule appellant's assignments of error.

{¶2} On August 6, 2008, appellant was charged with two counts of aggravated burglary, four counts of felonious assault, five counts of aggravated robbery, five counts of kidnapping and one count of having a weapon while under disability. All counts with the exception of the single count of having a weapon while under disability contained one- and three-year firearm specifications.

{¶3} Appellant entered a plea of not guilty and the case proceeded to trial prior to which appellant filed a jury waiver only on the weapon under disability charge. The remaining counts were submitted to the jury. The jury returned verdicts of guilty on all counts except for one count of aggravated robbery. The court found appellant guilty of the weapon under disability charge and he was sentenced to a total of 33 years in prison.

{¶4} In *State v. Craig*, 8th Dist No. 94455, 2011-Ohio-206 ("*Craig I*"), appellant appealed his convictions and sentence to this court. In that case, we affirmed

in part and reversed in part and remanded the matter for a resentencing concerning certain offenses, which we found to be allied offenses and ordered merged. *Id.* at ¶ 72.

{¶5} On March 11, 2011, a new trial court judge resentenced appellant pursuant to this court's remand in *Craig I*. After merging various counts and hearing statements on behalf of the state and appellant, the trial court sentenced appellant to 33 years in prison.

{¶6} At appellant's resentencing hearing, appellant's attorney indicated that he intended to initiate an appeal of this court's decision in *Craig I* to the Ohio Supreme Court. At that time, however, it had not been filed.

{¶7} On June 17, 2011, appellant filed a motion to vacate the resentencing, contending that the trial court was without jurisdiction prior to the relinquishment of jurisdiction by the Ohio Supreme Court. The motion was overruled by the trial court on June 22, 2011.

{¶8} Appellant appealed to this court with three assignments of error.

{¶9} Appellant's first assignment of error states: "Defendant was denied due process of law when the court sentenced defendant while an appeal was pending in the Ohio Supreme Court."

{¶10} In this matter, appellant argues that the trial court lacked jurisdiction to resentence him once he initiated an appeal, which was pending at the time of his resentencing. The record reflects that appellant's attorney indicated to the trial court at

appellant's resentencing that he "will" file an appeal with the Ohio Supreme Court in connection with this case and had not done so until April 4, 2011.

{¶11} Even if the appellant had filed a memorandum in support of jurisdiction to the Ohio Supreme Court prior to the date of appellant's resentencing hearing, we have held that "an appeal to the supreme court is not an appeal of right and jurisdiction does not vest with the supreme court until it accepts an appeal for review." *State v. Bruce*, 8th Dist. No. 95064, 2011-Ohio-1240, at ¶ 3, citing *State v. Brown*, 8th Dist. No. 54765, 1988 WL 136044 (Dec. 15, 1988); *State v. Thomas*, 111 Ohio App.3d 510, 515, 676 N.E.2d 903 (8th Dist.1996). Unlike *Bruce*, the Ohio Supreme Court had not accepted appellant's appeal because there had been none filed at the time the trial court resentenced him. In both *Bruce* and the present case, the Ohio Supreme Court later declined leave to appeal.

{¶12} Therefore, appellant's first assignment of error is overruled.

{¶13} Appellant's second assignment of error states: "Defendant was denied due process of law when the court sentenced the defendant believing it had no discretion to modify the sentence."

{¶14} In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Ohio Supreme Court explained that a trial court is required to hold a new sentencing hearing when an appellate court remands a case for resentencing based on an allied-offense error. *Id.* at ¶ 1. "A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing." *Id.* at ¶ 15, citing R.C. 2929.19(A).

However, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo." *Id.* at ¶ 15.

{¶15} In accordance with R.C. 2929.19(A), at the resentencing hearing the offender, the prosecuting attorney and the victim or the victim's personal representative *may* present information relevant to the imposition of sentence in the case. Furthermore,

> [t]he court *shall* inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed * * * [and] *shall* consider the record, any information presented at the hearing * * *. (Emphasis added.) R.C. 2929.19(A)-(B).

{¶16} Appellant argues that the trial court violated his due process rights when the judge noted that he was not the original trial judge, and that he was going "to defer to the wisdom of the trial judge" and "basically maintain the same sentence [the previous trial court judge] gave out." While these statements viewed in isolation could be construed to suggest an improper resentencing, the record reflects that the trial court clearly engaged in a de novo sentencing hearing pursuant to R.C. 2929.19.

{¶17} The trial court informed the offender of the jury verdict, allowed both the state and defense counsel to present relevant information, asked appellant if he had anything to say on his behalf, mentioned discussions between counsel within chambers and made findings of fact. The trial court noted appellant's previous convictions, that there was an actual threat of physical harm with a firearm in this case and that the court felt that prison was consistent with the purposes of felony sentencing. Moreover, the

trial court merged and clarified appellant's sentence. *Compare State v. Godfrey*, 183 Ohio App.3d 344, 2009-Ohio-3726, 916 N.E.2d 143, at ¶ 4-6 (1st Dist.) (the trial court specifically stated that, in good conscience, he could not change his sentence, because he wasn't the sentencing judge, this was a case of violence, and that he did not know enough about the case or facts).

{¶18} Although the trial court ultimately imposed the same aggregate prison term as had been imposed at appellant's prior sentencing hearing, the trial court clearly conducted a de novo sentencing hearing, exercised its discretion and carefully considered the applicable felony sentencing statutes.

{¶19} Appellant's second assignment of error is overruled.

{¶20} Appellant's third assignment of error states: "Defendant was denied due process of law when the court overruled defendant's motion to vacate."

{¶21} Appellant argues in the third assignment of error that the trial court erred in denying his motion to vacate wherein appellant asserted the same arguments addressed in the first and second assignments of error. In light of our resolution of those assignments of error, we find appellant's third assignment of error to be without merit.

{¶22} Appellant's third assignment of error is overruled.

{¶23} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTS
IN PART WITH SEPARATE OPINION

FRANK D. CELEBREZZE, JR., P.J., DISSENTING IN PART:

{¶24} I concur with the majority in the resolution of appellant's first and third assignments of error. However, I respectfully dissent with the holding that a de novo sentencing hearing was conducted. For that reason, I would remand this case for a new sentencing hearing.

{¶25} During the resentencing hearing, the trial court indicated:

Because the case is being appealed, I will defer to the wisdom [of] the trial judge who was previously on this bench. * * * I'm going to basically maintain the same sentence she gave out in order to allow this to go forward with the Supreme Court. However, I will make some findings with regard to this matter.

{¶26} The trial court then set forth its findings, as recited by the majority. I find the court's perceived lack of discretion to impose any other sentence than that previously imposed means the trial court did not conduct a de novo hearing. The other steps the

trial court undertook that the majority points to as evidence of a de novo hearing mean nothing if the sentence cannot change. They are without substance.

{¶27} The majority sites as support for its holding the First District case *State v. Godfrey*, 183 Ohio App.3d 344, 2009-Ohio-3726, 916 N.E.2d 1143. However, the *Godfrey* court remanded the case for a new sentencing hearing specifically because the trial court stated that it felt constrained to impose the same sentence. *Id*. at ¶ 6. The court expressed its opinion that the trial court may reimpose the same sentence if it feels it is appropriate, but required the trial court to make that determination itself and not in reliance on the sentence previously imposed by the original trial judge.

{¶28} Just as in *Godfrey,* the trial court here did not comply with R.C. 2929.11 and 2929.12 when it did not independently determine the appropriate sentence appellant should receive.

{¶29} Therefore, I agree with appellant that a de novo sentencing hearing was not conducted. I would sustain his second assignment of error and remand the case for a new sentencing hearing.