O’Donnell, J.
{¶ 1} The Ninth District Court of Appeals certified a conflict between its decision in this case and a decision of the Eighth District Court of Appeals in State v. Holmes, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, 2014 WL 4361331, on the following question: “Where a trial court sentences a defendant on counts that it had previously determined were subject to merger, is the sentence void or do principles of res judicata apply to preclude a defendant from challenging the sentence after direct appeal?”
{¶ 2} A court only has authority to impose a sentence that conforms to law, and R.C. 2941.25 prohibits the imposition of multiple sentences for allied offenses of similar import. Thus, when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar *404 import, in conformity with State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense. Accordingly, imposing separate sentences for allied offenses of similar import is contrary to law and such sentences are void. Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal.
{¶ 3} The judgment of conviction entered against Cameron D. Williams in this case reflects that the trial court concluded that the two counts of aggravated murder and one count of murder in connection with the killing of Darían Polk are allied offenses of similar import. Although the court ordered them merged for the purposes of sentencing, and although the state elected to have Williams sentenced for the aggravated murder charged in count three, the court imposed concurrent sentences on each of the three offenses instead of sentencing on only one offense. However, the imposition of concurrent sentences is not the equivalent of merging allied offenses, State v. Damron, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17, but because the state designated one allied offense for sentencing, a remand for resentencing is not necessary in this case. Rather, pursuant to Article IV, Section 2(B)(2)(f) of the Ohio Constitution, we modify the judgment of the appellate court to vacate the sentences imposed for murder in count one and aggravated murder in count two and affirm the remaining convictions and sentences in all respects.
Facts and Procedural History
{¶ 4} On July 28, 2007, Williams broke into an apartment rented by Tamara Hughes, his ex-wife, and shot and killed Darían Polk, whom he found sleeping with her in her bed. Williams then kidnapped Hughes at gunpoint, took her to an abandoned home, and engaged in sexual conduct with her. Akron police arrested him the next day.
{¶ 5} A Summit County Grand Jury indicted Williams on three counts of aggravated murder with death penalty specifications, two counts of kidnapping, and one count each of aggravated burglary, burglary, rape, violating a protection order, intimidating a crime victim, escape, having a weapon while under disability, carrying a concealed weapon, menacing by stalking, and domestic violence, along with firearm specifications.
{¶ 6} At trial, the jury found Williams guilty of two counts of aggravated murder with death penalty specifications (Counts two and three) and one count each of murder (as a lesser included offense of the aggravated murder charge alleged in Count one), kidnapping, aggravated burglary, violating a protection order, intimidating a crime victim, escape, having a weapon while under disability, and cairying a concealed weapon, along with firearm specifications. The x-emain-ing counts and specifications were dismissed. In the penalty phase of the trial, *405 the jury found that the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt and recommended a sentence of life in prison with the possibility of parole after 30 years on each count of aggravated murder.
{¶ 7} At the sentencing hearing, the state elected to have Williams sentenced on the conviction for aggravated murder charged in Count three, and it did not request a sentence on the convictions for murder in Count one or aggravated murder in Count two. The trial court merged Counts one and two into Count three and imposed a sentence of life imprisonment with no possibility of parole until Williams had served 30 full years on that count. However, the sentencing entry provides:
IT IS THEREFORE ORDERED AND ADJUDGED BY THIS COURT that the Defendant, CAMERON D. WILLIAMS, be committed to the Ohio Department of Rehabilitation and Corrections * * * for a definite term of LIFE WITH PAROLE after Fifteen (15) years, which is a mandatory term pursuant to O.R.C. 2929.13(F), for punishment for the crime of MURDER, Ohio Revised Code Section 2903.02, a special felony; for a definite term of LIFE WITH PAROLE after Thirty (30) years, which is a mandatory term pursuant to O.R.C. 2929.13(F), for punishment of the crime of AGGRAVATED MURDER, Ohio Revised Code Section 2903.01(B), a special felony; for a definite term of LIFE WITH PAROLE after Thirty (30) years, which is a mandatory term pursuant to O.R.C. 2929.13(F), for punishment of the crime of AGGRAVATED MURDER, Ohio Revised Code Section 2903.01(D), a special felony * * *.
⅜ * *
THEREUPON, pursuant to Ohio Revised Code Section 2941.25(A), the Court hereby Orders that the offense of MURDER, as contained in the amended Count 1 of the Indictment and the offense of AGGRAVATED MURDER, as contained in Count 2 of the Indictment be merged into the offense of AGGRAVATED MURDER, as contained in Count 3 of the Indictment for purposes of sentencing and that said sentencing be served concurrently and not consecutively with each other, for a total of LIFE WITH PAROLE AFTER Thirty (30) years for the three counts.
* * *
Accordingly, the total sentence the Court imposes is LIFE WITH PAROLE after Sixty-Nine (69) years * * *.
*406 (Capitalization and boldface sic.) Thus, the trial court purported to merge the sentences for allied offenses by ordering that the sentences be served concurrently with each other.
{¶ 8} On appeal, the Ninth District Court of Appeals reversed the conviction for violating a protection order as not supported by sufficient evidence but affirmed Williams’s other convictions and sentences. 9th Dist. Summit No. 24169, 2009-Ohio-3162, ¶ 55, 61. Williams did not argue that the trial court erred in sentencing him on allied offenses of similar import.
{¶ 9} On April 23, 2014, Williams moved to correct his sentences, asserting that the concurrent sentences imposed on Counts one, two, and three were contrary to law. He sought a de novo sentencing at which, he argued, all of his convictions should be merged as allied offenses into a single conviction for aggravated murder. The trial court denied the motion.
{¶ 10} The court of appeals affirmed, construing the motion as an untimely and successive petition for postconviction relief that the trial court lacked authority to consider. 2015-Ohio-2632, ¶ 6. The court further explained that “because Mr. Williams could have raised his arguments pertaining to his sentence and court costs in a direct appeal, he is now barred from asserting these arguments under the doctrine of res judicata.” Id. at ¶ 7. And the appellate court rejected Williams’s argument that the error in merging allied offenses rendered his sentences void, noting that this court had not yet applied its void sentence jurisprudence in these circumstances. Id. at ¶ 9.
{¶ 11} The Ninth District certified that its judgment conflicts with State v. Holmes, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, 2014 WL 4361331. In that case, the trial court had determined that Holmes’s convictions for rape and kidnapping were for allied offenses of similar import but nonetheless imposed separate sentences for each conviction. Although Holmes had not raised the issue in either his direct appeal or in his petition for postconviction relief, the appellate court concluded that his motion to vacate was not barred by res judicata, because the sentences for allied offenses were contrary to law and void. Id. at ¶ 2-3,11, 20-22. It stated, “Once a trial court determines that two offenses are allied and are subject to merger, the trial court acts without authority when it imposes a sentence on both offenses. Thus, acting without authority renders the sentence void.” Id. at ¶ 20.
{¶ 12} We agreed to resolve the conflict. 143 Ohio St.3d 1541, 2015-Ohio-4633, 40 N.E.3d 1178.
Positions of the Parties
{¶ 13} Williams maintains that “[sentences for counts which were previously determined to be subject to merger are void, and res judicata does not preclude a *407 defendant from challenging such sentences after direct appeal.” He notes that State v. Underwood, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, explains that trial courts have a mandatory duty to merge allied offenses, that imposition of concurrent sentences for allied offenses is not authorized by law, and that an offender is prejudiced by having more convictions than authorized by statute. Williams reasons that because a sentence is void when a court lacks authority to act or when it imposes a sentence that is not in accordance with statutorily mandated terms, sentences imposed for crimes that the trial court has found to be allied offenses of similar import are void and challenges to the sentences are not subject to the doctrine of res judicata.
{¶ 14} The state concedes that the trial court erred in imposing separate sentences for allied offenses of similar import, but it maintains that the error did not render the sentences void. It argues that a void sentence is one imposed by a court that lacks subject-matter jurisdiction or authority to act but that a sentencing error renders the sentence only voidable and subject to reversal on direct appeal. Relying on State v. Holdcroft, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, the state asserts that our void sentence jurisprudence is limited to void sanctions and does not apply to errors regarding whether convictions are subject to merger as allied offenses of similar import. And in State v. Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the state notes, this court held that an offender may waive the statutory protection against separate sentences for allied offenses and that an appellate court has no duty to correct a forfeited error in failing to merge allied offenses. The state further argues that if separate sentences for allied offenses are void, then Rogers was wrongly decided, because “the parties cannot confer authority on a court to impose a void sentence” and “[a]n appellate court should not have discretion to pass over a void sentence.” Thus, the state concludes, res judicata bars this collateral attack.
{¶ 15} Here, then, we are asked whether separate sentences imposed for convictions for allied offenses of similar import that the trial court found to be subject to merger pursuant to R.C. 2941.25(A) are void and subject to attack at any time.
Allied Offenses of Similar Import
{¶ 16} The allied offenses statute, R.C. 2941.25, provides:
(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
*408 (B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶ 17} Construing this statute in Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, we explained that “a ‘conviction’ consists of a guilty verdict and the imposition of a sentence or penalty” (emphasis sic), id. at ¶ 12, and therefore “R.C. 2941.25(A)’s mandate that a defendant may be ‘convicted’ of only one allied offense is a protection against multiple sentences rather than multiple convictions,” id. at ¶ 18. We noted that “it is the state that chooses which of the allied offenses to pursue at sentencing,” id. at ¶ 20, and “[w]hen the state elects which of the two allied offenses to seek sentencing for, the court must accept the state’s choice and merge the crimes into a single conviction for sentencing,” id. at ¶ 24.
{¶ 18} The determination whether an offender has been found guilty of allied offenses of similar import “is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant’s conduct,” State v. Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26, and “an offense may be committed in a variety of ways,” id. at ¶ 30. We explained in Ruff that an accused may be convicted and sentenced for multiple offenses when “(1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.” Id. at ¶ 25.
{¶ 19} But once the sentencing court decides that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences. Damron, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. And “[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses.” Id.
Void Sentences
{¶ 20} In Colegrove v. Burns, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), this court described the trial judge’s role at sentencing: “Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.” And applying this principle in State v. Beasley, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), we stated that “[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.”
*409 {¶ 21} This court has therefore determined that a sentence is void when the trial court fails to impose a statutorily mandated term of postrelease control, State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 18, 25, 36; when it fails to include a mandatory driver’s license suspension in the offender’s sentence, State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus; and when it fails to include a mandatory fine in the sentence, State v. Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus.
{¶ 22} Our jurisprudence on void sentences “reflects a fundamental understanding of constitutional democracy” that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because “[n]o court has the authority to impose a sentence that is contrary to law,” id. at ¶ 23, when the trial court disregards statutory mandates, “[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.” Id. at ¶ 30.
{¶ 23} But if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal. Fischer at ¶ 6-7; State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. Thus, as we held in State v. Joseph, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 18, a sentence failing to properly impose mandatory court costs is not void, because unlike the imposition of postrelease control, “the trial court has the power to waive the payment of court costs” in appropriate circumstances.
{¶ 24} Our cases have similarly recognized that the trial court’s failure to find that the offender has been convicted of allied offenses of similar import, even if erroneous, does not render the sentence void. In Mosely v. Echols, 62 Ohio St.3d 75, 76, 578 N.E.2d 454 (1991), we held that res judicata barred a postconviction collateral attack on the court of appeals’ holding that the offender had not been sentenced for allied offenses of similar import. In Holdcroft, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8, we stated that our void sentence jurisprudence does not apply to “challenges to a sentencing court’s determination whether offenses are allied.” (Emphasis added.)
{¶ 25} And, most recently, in Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, we ruled that an accused’s failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error and that a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *410 We held that absent the accused’s showing that there was a reasonable probability that the convictions are in fact for allied offenses of similar import committed with the. same conduct and without a separate animus, “the accused cannot demonstrate that the trial court’s failure to inquire whether the convictions merge for purposes of sentencing was plain error.” Id.
{¶ 26} Our decisions in Mosely, Holdcroft, and Rogers establish that when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata. See Holdcroft at ¶ 8-9.
{¶ 27} However, as we explained in Underwood, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, “a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import.” Id. at ¶ 26. We characterized the sentencing court’s duty to merge allied offenses as “mandatory, not discretionary.” Id.
{¶ 28} It therefore follows that when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses — even if imposed concurrently — is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 25.
{¶ 29} The state’s concern that this conclusion is inconsistent with Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, is misplaced. In Rogers, neither the parties nor the trial court had raised the issue whether the convictions were for allied offenses of similar import, the court had not found that the convictions should merge for purposes of sentencing, and the imposition of separate sentences therefore was not contrary to law. In contrast, when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, imposing separate sentences for those offenses is contrary to law and the sentences are void on the face of the judgment of conviction. Accordingly, Rogers is distinguishable on this basis.
Remedy
{¶ 30} We have recognized that a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court’s failure to comply with mandatory sentencing laws. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 29. And when a case involving an allied offenses sentencing *411 error is remanded for resentencing, the state has the right to elect which offense to pursue at resentencing. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 21.
{¶ 31} But a resentencing is not required in all cases. Article IV, Section 2(B)(2)(f) of the Ohio Constitution grants this court appellate jurisdiction to “review and affirm, modify, or reverse the judgment in any case certified by any court of appeals.” Article IV, Section 3(B)(2) grants similar authority to the courts of appeals “to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.” And in Fischer, we explained that “[correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion.” Id. at ¶ 29. This remedy, we noted, can provide an equitable, economical, and efficient remedy for a void sentence. Id. at ¶ 30.
{¶ 32} The judgment of conviction in this case states the trial court’s finding that the two counts of aggravated murder and one count of murder of which Williams was convicted are allied offenses of similar import, and the concurrent sentences it imposed for those offenses are therefore contrary to law. But there is no need to remand for resentencing, because at the sentencing hearing, the state elected to have Williams sentenced for aggravated murder as charged in Count three, and the trial court had no discretion to impose separate sentences for Counts one and two.
{¶ 33} Accordingly, we modify the judgment of the court of appeals to vacate the sentences imposed for murder in Count one and aggravated murder in Count two, which the trial court found subject to merger. The remaining convictions and sentences, including the sentence of life with the possibility of parole after 30 years imposed for aggravated murder in Count three, are not affected by our ruling today.
{¶ 34} We recognize that our decision will not change the aggregate sentence Williams received. We also acknowledge that at the time the trial court sentenced Williams, we had not yet clarified that the imposition of concurrent sentences is not the equivalent of merging allied offenses of similar import. We expect that our decision today will clarify the path going forward for lawyers, litigants, and judges of our state.
Judgment affirmed as modified.
O’Connor, C.J., and Pfeifer and O’Neill, JJ., concur.
*412 Lanzinger, J., dissents, with an opinion joined by French, J.
Kennedy, J., dissents, with an opinion.