[Cite as *State v. Alexander*, 2017-Ohio-8506.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No. WD-17-015

    Appellee                                    Trial Court No. 01-CR-257

v.

Joseph Edward Alexander                    **DECISION AND JUDGMENT**

    Appellant                                   Decided:  November 9, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Joseph Edward Alexander, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Joseph Alexander, pro se, appeals from the February 28, 2017 judgment of the Wood County Court of Common Pleas denying his motion for an allied offense determination and resentencing.  For the reasons which follow, we affirm the trial court's decision.

**{¶ 2}** Appellant was convicted of felonious assault, kidnapping, and tampering with evidence and sentenced in 2002 to the maximum sentence for each offense, which were ordered to be served consecutively. This court affirmed the judgment of conviction and sentencing. *State v. Alexander*, 6th Dist. No. WD-02-047, 2003-Ohio-6969, and appeal to the Supreme Court of Ohio was not allowed, 130 Ohio St.3d 1495, 2011-Ohio-6556, 958 N.E.2d 957.

**{¶ 3}** In 2016, appellant moved for resentencing and a determination of whether the offenses of kidnapping (R.C. 2905.01(B)) and felonious assault (R.C. 2903.11(A)) were allied offenses of similar import, which would require a merger of the convictions for sentencing purposes. The trial court determined that the sentencing court had not addressed this issue and it was not raised on appeal. Addressing the motion as a postconviction relief proceeding, the court proceeded to consider the issue and determined that the two offenses were separate offenses of dissimilar import and committed with separate animus. Therefore, the trial court determined that appellant was properly sentenced to serve consecutive terms of imprisonment. Appellant filed an appeal from the judgment and asserts the following single assignment of error:

> APPELLANT JOSEPH EDWARD ALEXANDER WAS DENIED DUE PROCESS OF LAW, IN VIOLATION OF BOTH THE UNITED STATES AND OHIO CONSTITUTIONS, WHERE HE WAS CONVICTED AND SENTENCED TO ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE.

2.

**{¶ 4}** In his sole assignment of error, appellant argues that the sentence imposed in this case was void because his Count 4 conviction for kidnapping and his Count 1 conviction for felonious assault were allied offenses pursuant to R.C. 2941.25(A) and his sentences should have been merged.

**{¶ 5}** The state argues appellant's postconviction relief petition is untimely. We agree. The conviction occurred in 2002 and appellant has not shown good cause for filing an untimely petition. R.C. 2953.21(A)(2).

**{¶ 6}** The state also argues that the issue of merger is res judicata because the trial court never addressed the issue of merger and appellant did assert the merger issue on direct appeal from his conviction. We agree. The trial court merged the two kidnapping convictions but never addressed the issue of merger as to the felonious assault and kidnapping convictions. As a result, the sentence is voidable, not void. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. Because appellant could have raised the issue on appeal, but did not, the matter is now barred from review on grounds of the doctrine of res judicata. *Id.*

**{¶ 7}** Furthermore, the state argues appellant waived this issue at the time of sentencing. We agree. At the 2002 sentencing hearing, appellant's attorney argued that, based on the test for allied offenses of similar import applicable at the time (which required an abstract comparison of the elements of kidnapping and felonious assault), he did not believe these crimes were allied offenses of similar import. *See State v. Rance*, 85 Ohio St.3d 632, 638, 710 N.E.2d 699 (1999), *overruled in State v. Johnson*, 128 Ohio St.3d 153,

3.

2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44, which was abrogated in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 1. However, appellant's attorney argued the kidnapping convictions should be merged and sought concurrent sentences. Therefore, we find that appellant expressly waived the issue of merger as to the felonious assault and kidnapping convictions. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 32.

{¶ 8} Accordingly, we find appellant's sole assignment not well-taken. Although the trial court addressed the issue of merger and rejected appellant's arguments, we affirm the trial court's denial of the motion on different grounds.

{¶ 9} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                 JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.      _____
CONCUR.              JUDGE

               _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.