[Cite as *State v. Holder*, 2018-Ohio-881.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY


State of Ohio                                      Court of Appeals No. H-17-005

      Appellee                             Trial Court No. CRI 97 815

v.

Rondell H. Holder                            **DECISION AND JUDGMENT**

      Appellant                            Decided:  March 9, 2018

* * * * *

James James Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Rondell H. Holder, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Rondell H. Holder, appeals pro se from the June 8, 2017

judgment of the Huron County Court of Common Pleas denying appellant's motion to set

aside his judgment of conviction and his motion to strike the response motion filed by

appellee, state of Ohio.

**{¶ 2}** In 1997, appellant was charged in a 29-count indictment regarding offenses that occurred in 1995-1997. As part of a negotiated plea, appellee agreed to dismiss charges in exchange for appellant pleading no contest to Counts I and II, both charging appellant with rape, R.C. 2907.02(A)(1)(b), with specifications, arising out of events which occurred in 1995, and to an amended Count X, attempted sexual battery, a fourth degree felony offense, without specifications, which occurred after July 1, 1996 (the effective date of Senate Bill 2). Appellant entered his plea in March, 1998, and on May 1, 1998, the trial court sentenced appellant. Appellant was sentenced to prison terms of 10-25 years for both Counts I and II, to be served consecutively, and 17 months on Count X, to be served concurrently to Count I and II, for a total of 15-50 years.

**{¶ 3}** The conviction and sentence were affirmed on appeal and his single assignment of error relating only to the denial of his motion to suppress was found not well-taken. *State v. Holder*, 6th Dist. Huron No. H-98-022, 1999 Ohio App. LEXIS 1016, *16 (Mar. 19, 1999).

**{¶ 4}** On September 5, 2014, appellant filed a "motion to correct sentence" alleging the court should have reduced his penalty based on Senate Bill 2. Appellant also asserted multiple punishments could not be imposed for the offenses. On September 25, 2014, the trial court denied the motion on the ground that it was untimely and appellant's arguments lacked merit. The judgment was appealed, but the appeal was dismissed because appellant did not file a brief or a motion for an extension of time to file a brief. *State v. Holder*, 6th Dist. Huron No. H-14-015 (Feb. 17, 2015).

2.

{¶ 5} On May 11, 2017, appellant filed a "motion to set aside judgment" on the ground that the sentence was void because appellant was not properly notified that his postrelease control sanction was mandatory.

{¶ 6} The written plea agreement outlined the potential postrelease control sanctions that would be imposed depending upon the sentence imposed. It clearly informed appellant that if he was convicted of a "felony 1 or felony sex" offense, he "will have 5-years of post release control;" if convicted of a "felony 2 or a felony 3" offense he "will have mandatory post release control of 3 years." The agreement further informed appellant that if he was convicted of a "felony 3, 4, or 5" offense, he "may be given up to 3 years of post release control." [sic] Furthermore, the sentencing judgment provided as follows: "If I am sentenced to prison for a felony 1 or felony sex offense, after my prison release I will have 5 years of post release [sic] control under conditions determined by the Parole Board." Appellant did not include a sentencing hearing transcript in his appeal.

{¶ 7} On June 12, 2017, the trial court denied the motion on the ground it was untimely, without merit, and barred by the doctrine of res judicata. Appellant filed an appeal from this judgment and asserts a single assignment of error:

ASSIGNMENT OF ERROR I:

The inferior court committed prejudicial error and creating its own sentence.

{¶ 8} In his sole assignment of error appellant presents several interrelated arguments. First, he asserts on appeal that his plea was "constitutionally tainted."

3.

Appellant failed to raise this issue in his 2017 "motion to set aside judgment;" therefore, we cannot address it on appeal. *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 44.

{¶ 9} Second, appellant presents arguments about his plea agreement and the classification of his offenses as pre or post- Senate Bill 2 charges and the imposition of a Senate Bill 2 postrelease control sanction. These issues were raised in his 2014 motion and could have been assigned as error on appeal from the ruling on that motion, but were not. Therefore, this issue is now barred under the doctrine of res judicata. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 65.

{¶ 10} Third, it appears that appellant is also asserting that the sentencing court did not inform him that his postrelease control sanction was mandatory as required by law. There is no merit to this argument as the sentencing judgment clearly informed appellant that his postrelease control sanction was mandatory. Furthermore, since appellant did not include a copy of his sentencing transcript on appeal, we must presume the regularity of the sentencing proceedings. *State v. Wells*, 7th Dist. Jefferson No. 16JE0033, 2017-Ohio-7763, ¶ 15.

{¶ 11} Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 12} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                   JUDGE

Arlene Singer, J.

                _____
Thomas J. Osowik, J.         JUDGE
CONCUR.

                _____
                   JUDGE