[Cite as *State v. Banda*, 2018-Ohio-1233.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1199

    Appellee                                          Trial Court No. CR0201402517

v.

Jaime Banda aka Jamie Banda          **DECISION AND JUDGMENT**

    Appellant                                          Decided:  March 30, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Jaime Banda, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jaime Banda, filed an accelerated appeal from the July 13, 2017

judgment of the Lucas County Court of Common Pleas denying his motion to vacate his

sentence.  Appellant appeals and presents the following assignments of error:

1. Whether Counsel Failed To Object To The Allied Offenses That Constituted Ineffective Assistance of Counsel.

2. Whether The Trial Court Abused Its Discretion.

{¶ 2} In 2014, Banda pled guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a lesser included offense of burglary and violating a protection order. He was convicted and sentenced on December 23, 2014, to a total of seven years of imprisonment, five years on Count 1 and 24 months on Count 2. Banda did not file a timely direct appeal.

{¶ 3} On August 10, 2015, Banda moved to vacate the sentencing judgment on the grounds of plain error alleging the two offenses were allied offenses of similar import and, therefore, it was unlawful for the court to impose consecutive sentences. The trial court fully addressed the issue and denied Banda's motion on October 29, 2015. The trial court found that the offenses were not allied offenses of similar import. Appellant filed an appeal from that judgment on December 8, 2015, but we dismissed the appeal on January 11, 2016, because it was untimely. Appellant sought to file a delayed appeal from the October 29, 2015 judgment entry, but his motion was denied on June 28, 2016.

{¶ 4} Banda also filed two additional motions to raise the issue of allied offenses on February 16, 2016, and on April 17, 2017. The trial court denied both motions on March 2, 2016, and July 13, 2017. Appellant filed a timely appeal for the later judgment.

{¶ 5} On appeal, appellant argues that his alleged errors are not barred by the doctrine of res judicata because R.C. 2941.25 prohibits a court from imposing

2.

consecutive sentences for allied offenses of similar import. Therefore, he argues the original sentencing judgment is void on its face. Appellant's argument lacks merit.

{¶ 6} If the trial court determined that offenses are not allied offenses of similar import or did not address the issue before imposing separate sentences for each offense, the sentence is only voidable and a challenge to the finding or failure to find the two offenses are allied offenses must be raised on direct appeal. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9. However, if the trial court determined that two offenses were allied offenses of similar import but failed to merge the offenses and impose a single sentence, the sentence is contrary to law and void. *Id.* at ¶ 28. Only a void sentence may be challenged at any time, including by collateral attack. *State ex rel. McKinney v. Schmenk*, Slip Opinion No. 2017-Ohio-9183, ¶ 12.

{¶ 7} Furthermore, claims of ineffective assistance of counsel which could have been raised on direct appeal are barred from being raised again under the doctrine of res judicata. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6.

{¶ 8} In the case before us, appellant failed to file a timely appeal from his original conviction and sentencing. In an appeal, appellant could have raised the issue of whether his offenses were allied offenses and challenged that his counsel rendered ineffective assistance by failing to object to his sentence on both counts. Furthermore, the trial court considered and denied appellant's alleged error in his first motion to arrest judgment and appellant failed to file a timely appeal. Therefore, the determination that the offenses

3.

were not allied offenses has been addressed and the issue is barred by the doctrine of res judicata. We find appellant's first and second assignments of error not well-taken.

{¶ 9} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE