[Cite as *State v. Vintson*, 2019-Ohio-3894.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                            :

    Plaintiff-Appellee,               :

                                             No. 108477

    v.                                :

ANTONIO VINTSON,                          :

    Defendant-Appellant.              :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART;
                    SENTENCE MODIFIED
**RELEASED AND JOURNALIZED:** September 26, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630579-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee.*

Ariel E. Burr, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Antonio Vintson appeals from his ten-year prison sentence. Because we find the trial court failed to merge allied offenses, we remand the matter to the trial court to vacate the sentence imposed on Count 13.

{¶ 2} On August 10, 2018, Vintson was charged as follows: Counts 1-6 — illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1); Counts 7-12 — disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1); Count 13 — illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3); and Count 14 — possessing criminal tools in violation of R.C. 2923.24(A). On January 14, 2019, Vintson entered into a plea agreement wherein he pleaded guilty to Counts 1-4 (illegal use of a minor), Counts 7-9 (disseminating matter harmful to juveniles), Count 13 (illegal use of a minor), and Count 14 (criminal tools). In exchange for Vintson's guilty plea, the state agreed to request that the court nolle Counts 5-6 and 10-12. The state also agreed, as part of the plea, that Count 13 would merge with Counts 1-4, and the state noted its intention to proceed under Counts 1-4. The trial court accepted Vintson's plea and found him guilty.

{¶ 3} On April 2, 2019, the court held a sentencing hearing. At the hearing, the court noted that although Counts 1-4 "are the same," they "represent separate charges." The court then sentenced Vintson to three years in prison on Count 1, three years on Count 2, two years on Count 3, and two years on Count 4. The court ordered Counts 1-4 to be served consecutively. The court sentenced Vintson to a one-year prison term on each of Counts 7-9, Count 13, and Count 14, to be served concurrently with the sentence imposed on Counts 1-4, for a total prison term of ten years. Contrary to the agreement placed on the record at the plea hearing, there was no further discussion regarding allied offenses, the trial court did not merge Count

13 with Counts 1-4 for sentencing purposes, and defense counsel made no objections.

{¶ 4} Vintson now appeals from his sentence, assigning one error for our review: The trial court committed error in separately sentencing allied offenses of similar import instead of merging them. In response, the state filed a notice of conceded error pursuant to Loc.App.R. 16(B), asserting that during the plea hearing, it agreed that Count 13 should merge with Counts 1-4. Upon review, we find the error is supported by the record.

{¶ 5} R.C. 2941.25 codifies the defendant's constitutional protection against Double Jeopardy. *See State v. Robertson*, 2018-Ohio-1640, 111 N.E.3d 659, ¶ 50 (8th Dist.). The statute provides that where the defendant's conduct constitutes two or more allied offenses of similar import, "the indictment may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Thus, the trial court has no authority to impose separate sentences on offenses that are deemed to be allied under R.C. 2941.25. *State v. Shearer*, 8th Dist. Cuyahoga No. 107335, 2019-Ohio-1352, ¶ 4. "[T]he court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses — even if imposed concurrently — is contrary to law because of the mandate of R.C. 2941.25(A)." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28.

{¶ 6} Here, because this appeal concerns a plea agreement, there is little in the record concerning the conduct associated with each offense. However, the

record demonstrates that the state agreed that Count 13 would merge with Counts 1-4, and it specifically asserted that it would elect to proceed under Counts 1-4. There is nothing in the record to the contrary. Indeed, the state concedes the error. The trial court's sentence on Count 13, an allied offense, was therefore contrary to law.

{¶ 7} Accordingly, we sustain Vintson's sole assignment of error. We vacate the sentence imposed for Count 13, illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), consistent with the state's concession that the court should not have imposed sentence on an allied offense of similar import and consistent with the state's election to sentence on Counts 1-4. *See State v. White*, 2018-Ohio-3673, 119 N.E.3d 928, ¶ 17 (8th Dist.), citing *Williams, supra*. Although we recognize that this decision does not change the aggregate sentence Vintson received, "the imposition of concurrent sentences is not the equivalent of merging allied offenses of similar import." *Williams* at ¶ 34.

{¶ 8} Judgment reversed in part. The sentence in this case is modified.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. The trial court is hereby directed to vacate its prior sentencing order journalized April 3, 2019, and issue a journal entry consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR