[Cite as *State v. Jones*, 2020-Ohio-5477.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                     Court of Appeals No. L-20-1060

    Appellee                                Trial Court No. CRB-19-12479

v.

 Javon Jones aka Jovon Jones                  **DECISION AND JUDGMENT**

    Appellant                               Decided:   November 30, 2020

* * * * *

David Toska, Chief Prosecutor, and Elizabeth C. Tighe, Assistant Prosecutor,
for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this accelerated appeal, appellant, Javon Jones, appeals from the March 4, 2020 judgment of the Toledo Municipal Court sentencing him, following his conviction of aggravated menacing and domestic violence, to serve 90 days of electronic monitoring regarding the first count consecutive to a term of 180 days of confinement in the

Corrections Center of Northwest Ohio regarding the second count. Appellant completed his 180-day term of confinement. For the reasons which follow, we reverse.

{¶ 2} On appeal, appellant asserts a single assignment of error:

The trial court committed plain error when it sentenced defendant separately for the two offenses herein, when the elements of the offenses align such that commission of one offense would probably result in commission of the other, both of which were arguably committed with one animus, and which arose from one bad act which produced similar harm, and when the error was both obvious and substantial, and affected the final outcome of the proceeding.

{¶ 3} Appellant asserts that the two offenses are allied offenses of similar import. Although appellee argued at trial the cases should not merge, appellee agrees with appellant's conclusion. We find appellant is correct as well.

{¶ 4} The elements of aggravated menacing, R.C. 2903.21(A), are: "knowingly cause another to believe that the offender will cause serious physical harm to the person."

{¶ 5} The elements of domestic violence, R.C. 2919.25(C) are: "by threat of force, * * * knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

{¶ 6} R.C. 2941.25 prohibits the imposition of multiple punishments for allied offenses of similar import. The test for determining whether the defendant has been convicted of allied offenses of similar import under R.C. 2941.25 is based on the facts of

2.

the case. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 18, *abrogated on other grounds by State v. Henderson*, Slip Opinion No. 2020-Ohio-4784. "[C]ourts must evaluate three separate factors--the conduct, the animus, and the import--" to determine if the offenses constitute a single offense or separate offenses. Separate offenses are: (1) "dissimilar in import or significance—in other words, each offense caused separate, identifiable harm" to a single victim or to multiple victims, (2) "the offenses were committed separately," or (3) "the offenses were committed with separate animus or motivation." *Id.*, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13, 25. On appeal, we review the issue de novo. *Williams* at ¶ 28. Appellant admits he did not raise this issue at trial and that he has forfeited all but plain error. Crim.R. 52(B).

{¶ 7} Appellate courts may recognize plain error if appellant "demonstrate[s] plain error on the record * * * and [shows] 'an error, i.e., a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings.'" *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, ¶ 32 (citations omitted). Appellant must also show that the plain error affected his substantial rights. *Id.* at ¶ 33. "[A]ppellate courts [exercise] discretion to correct '[p]lain errors or defects affecting substantial rights.'" *Id.* at ¶ 32 (citation omitted).

{¶ 8} In this case both charges arose out of a single event where appellant made threats to the victim, which she testified made her afraid for her safety. Therefore, there was a single harm caused to a single victim and each offense was committed

3.

simultaneously with the same motivation.  Therefore, we find the offenses are allied offenses and should have been merged before sentencing.  Appellant's sole assignment of error is found well-taken.

{¶ 9} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal Court is reversed.  This case is remanded to the trial court for resentencing.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    _____
                    JUDGE

Thomas J. Osowik, J.    

                 _____
Christine E. Mayle, J.           JUDGE
CONCUR.

                 _____
                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.