[Cite as *State v. Rinehart*, 2026-Ohio-2257.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0067 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| WILLIAM RINEHART, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00530 |

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Reversed; remanded

*Connie J. Lewandowski*, Portage County Prosecutor, and *Vincent V. Vigluicci*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Justin M. Weatherly*, HMW Law Ohio Trial Attorneys, 1231 Superior Avenue, Suite 200, Cleveland, OH 44114 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, William Rinehart, appeals the judgment of the Portage County Court of Common Pleas, convicting him, after entering pleas of guilty, on one count of rape, two counts of gross sexual imposition, and two counts of endangering children. At issue is whether Mr. Rinehart's trial counsel's representation was ineffective for failing to ensure his pleas of guilty were knowingly, intelligently, and voluntarily entered. We conclude trial counsel was not ineffective but, for a separate reason, we reverse and remand the matter for further proceedings.

{¶2}   In June 2024, Mr. Rinehart was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree, which specified the victim was a minor was less than ten years of age. He was also indicted on three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (C)(2), felonies of the third degree. Mr. Rinehart pleaded not guilty to the indictment.

{¶3}   In November 2024, Mr. Rinehart was charged in a five count supplemental indictment with three counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1) and (F), felonies of the fourth degree, and two additional counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (C)(2), felonies of the third degree.

{¶4}   In January 2025, an additional supplemental indictment charged Mr. Rinehart with one count of attempted rape, in violation of R.C. 2907.02 and R.C. 2923.02, a felony of the second degree, with an attempted child-rape specification.

{¶5}   In August 2025, Mr. Rinehart withdrew his not guilty plea and entered a plea of guilty to one count of rape (deleting the under-ten-years-old language), a felony of the first degree; two counts of gross sexual imposition, felonies of the third degree; and two counts of endangering children, felonies of the third degree (which were apparently reductions of the indicted counts agreed to during plea negotiations).

{¶6}   The plea agreement provided that the parties would jointly recommend a prison sentence of ten years on the rape count; five years on one of the endangering children counts; and five years on a separate endangering children count. The substance of the plea agreement indicates that the gross sexual imposition counts would merge with the endangering children counts. The parties agreed that the joint recommendation would

require the sentences to be served consecutively to one another. The joint recommendation indicated Mr. Rinehart would be eligible for judicial release after ten years. The prosecutor specifically represented the same on record at the plea hearing.

{¶7} The trial court determined that one of the gross sexual imposition counts would merge with one of the endangering children counts and the other gross sexual imposition count would also merge with the additional endangering children count. The State elected to proceed to sentencing on both counts of endangering children, each of which are felonies of the third degree.

{¶8} As a result, the remaining counts of gross sexual imposition, as merged with the endangering children counts, were not subject to imposition of sentence. *State v. Williams*, 2016-Ohio-7658, ¶ 19 (abrogated on separate grounds) ("[O]nce the sentencing court decides that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences." (Citation omitted.)).

{¶9} The trial court accepted the sentencing recommendation. Mr. Rinehart was consequently sentenced to an aggregate term of 20 years (ten years on the rape plea; five years on the first endangering children plea; and five years on the second endangering children plea, all to be served consecutively to one another).[1]

{¶10} Mr. Rinehart assigns the following as error:

{¶11} "Due to the ineffective assistance of counsel, appellant's guilty plea was not knowing, intelligent, and voluntary."

---

1. Senate Bill 201 (the Reagan Tokes Act) went into effect March 22, 2019, and applies to all non-life felonies of the first and second degree that occur on or after the effective date. The offenses subject to this appeal occurred between January 1, 2015 and January 1, 2018 and do not implicate the indefinite sentence provided in the Reagan Tokes Act.

Case No. 2025-P-0067

{¶12} Under this assignment of error, Mr. Rinehart does not assert the trial court failed to comply with the requirements of Crim.R. 11(C)(2); instead, he claims that trial counsel was ineffective because "[c]onsidering the complexity and nature of the charges, prior counsel failed to mirror the seriousness whilst advocating for their client's innocence." Mr. Rinehart asserts, at the time of the plea, he was nearly 65 years old and had no previous experience with the criminal justice system. Mr. Rinehart alleges he had minimal communication with his attorney(s) and felt as though he was "pushed . . . to plead out." He argues that, based upon alleged misinformation from counsel, he "believed that his plea would have resulted in a recommendation that he only serve ten years in prison, not the aggregate sentence of twenty years that was actually recommended and subsequently imposed." We do not agree with these features of Mr. Rinehart's argument.

{¶13} "There is a general presumption that trial counsel's conduct is within the broad range of professional assistance." *State v. Andrus*, 2020-Ohio-6810, ¶ 60 (11th Dist.), citing *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989). The burden of establishing ineffective assistance of counsel falls upon the appealing defendant. *State v. Robinson*, 2021-Ohio-1064, ¶ 24 (11th Dist.)

{¶14} "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *Andrus* at ¶ 60, quoting *Bradley* at paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

{¶15} We initially point out that the record confirms that the trial court met its obligations under Crim.R. 11(C)(2). Because Mr. Rinehart does not dispute this matter of

Case No. 2025-P-0067

law, we need not belabor the point. In this fundamental respect, we therefore conclude, pursuant to rule, the trial court did not err in advising Mr. Rinehart of the rights he was waiving by pleading guilty to the counts in the agreement.

{¶16} Given this concession, it is unclear how Mr. Rinehart can claim he was coerced into pleading to the charges during the plea colloquy. He admitted he was "fully advised by his attorneys" regarding the rights he was waiving and had not "been promised, coerced, threatened in any way into entering the plea[.]"

{¶17} Moreover, his written plea agreement provides that the parties entered a joint sentencing recommendation of "10 years in prison on ct. 1, 5 years in prison on ct. 3, and 5 years in prison on ct. 9, all consecutive for a total of 20 years @ ODC and Tier III sex off. Classif.; ct. 2 merges into ct.3; ct. 8 merges into ct. 9; State agrees this makes def. eligible to filed for jud.rel. after 10 years; but State will object to release at hrg." (Sic. throughout.)

{¶18} The trial court asked Mr. Rinehart if he "signed the document voluntarily" and "reviewed" the same with his attorneys. He responded in the affirmative and the substance of the written agreement reflects Mr. Rinehart's understanding and appreciation of the agreement and joint sentence as confirmed by the trial court. Mr. Rinehart confirmed his awareness and understanding that he would be sentenced via a joint recommendation to an aggregate term of 20 years in prison. Counsel cannot be deemed ineffective for advising Mr. Rinehart of this established fact. This argument is therefore without merit.

{¶19} The transcript demonstrates that: (1) Mr. Rinehart initially and independently rejected the plea indicating he was not being overborne; (2) counsel

represented they were trial-ready that morning; (3) the Crim.R. 11 colloquy produced unequivocal, sworn denials of coercion; and (4) the plea structure itself reflected a meaningful benefit negotiated for Mr. Rinehart. The argument raised at oral argument to the contrary finds no support in the record and, in fact, the record affirmatively refutes it.

{¶20} Notwithstanding these points, Mr. Rinehart cites *State v. Cook*, 2002-Ohio-2846 (3d Dist.), in support of his position.

{¶21} In *Cook*, the defendant pleaded guilty to possession of cocaine and possession of crack cocaine. *Id.* at ¶ 2. At his sentencing hearing, the defendant's attorney requested the court sentence him to no more than five years in prison and that the defendant would be eligible for judicial release after six months in jail. *Id.* at ¶ 3. The trial court sentenced the defendant to an aggregate term of six years in prison. *Id.* The court, however, did not address whether the defendant would be eligible for judicial release. The trial court, in its judgment entry, stated that the prison term was not a mandatory term. *Id.* at ¶ 4. This, however, was a misstatement because the defendant was sentenced pursuant to a statutorily mandatory prison term and therefore *not* subject to the possibility of judicial release within the timeframe he understood would be available. *Id.* at ¶ 12. The defendant filed a motion to withdraw his guilty plea, which the trial court denied. *Id.* at ¶ 5.

{¶22} The defendant appealed the judgment, arguing his plea was not entered knowingly, intelligently, and voluntarily due to his belief that he would be eligible for judicial release. The appellate court observed that the defendant's sentence was entered pursuant to R.C. 2929.13(F)(5), "which requires that [the defendant] be sentenced to a mandatory prison term without possibility of judicial release." *Cook* at ¶ 12. The Third

District concluded that the defendant's "assertions that he was not intelligently informed of the meaning of his plea are supported by statements of his trial counsel at the sentencing hearing and by the judgment entry of the trial court . . . [I]t appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether [the defendant] was eligible for judicial release." *Id.* The appellate court therefore reversed and remanded the matter.

{¶23} *Cook* is distinguishable from this matter.

{¶24} Unlike *Cook*, the plea agreement in this matter notified Mr. Rinehart that the rape count would require a ten-year prison term. And, after that term is served, Mr. Rinehart would be able to apply for judicial release; the court agreed to accept the joint recommendation of sentence relating to Mr. Rinehart's eligibility for judicial release after the expiration of the disqualifying, mandatory count. The record reflects, therefore, Mr. Rinehart will be eligible to seek judicial release after serving the ten years on the rape count.

{¶25} R.C. 2929.20(C)(1)(e) provides:

> (C)(1) . . . [A]n eligible offender may file a motion for judicial release with the sentencing court . . . within the following applicable periods:
>
> . . .
>
> (e) If the aggregated nonmandatory prison term or terms is more than ten years, the eligible offender . . . may file the motion not earlier than the later of the date on which the offender has served one-half of the offender's stated prison term or the date specified in division (C)(1)(d) of this section.

{¶26} Here, Mr. Rinehart was sentenced to ten years for a non-eligible offense of rape. *See* R.C. 2929.20(A)(10)(a) (rape is a disqualifying conviction and a defendant may

not seek judicial release while imprisoned for such an offense). Mr. Rinehart was also sentenced to two five-year prison terms on each of the child-endangering counts. Those counts are not disqualifying offenses.

{¶27}   In this matter, Mr. Rinehart claims that counsel misrepresented his eligibility for judicial release. He claims that, pursuant to his plea, he will not be eligible for potential judicial release until 15 years of the 20-year term has expired. We do not agree.

{¶28}   Initially, had the State elected to proceed to sentence Mr. Rinehart on one of the gross sexual imposition counts, he would be correct. R.C. 2929.20(A)(10)(h) provides that a defendant is ineligible for judicial release for a "prison term imposed for any sexually oriented offense." R.C. 2950.01 provides: "(A) 'Sexually oriented offense' means any of the following violations or offenses committed by a person, regardless of the person's age: (1) A violation of section. . . 2907.05. . . ." R.C. 2907.05 governs Ohio's gross-sexual-imposition statute and is therefore a "sexually oriented offense."

{¶29}   Both defense counsel and the State jointly recommended a sentence that was agreed to and imposed by the trial court. The crimes underlying the recommendation were rape and two endangering children counts. Mr. Rinehart, therefore, will be eligible for seeking judicial release after the expiration of the ten-year term in prison for the rape conviction. Counsel did not err or provide deficient assistance when the plea was negotiated. Indeed, Mr. Rinehart received a significant benefit when the State and the trial court agreed to accept the plea to two endangering-children counts rather than an admixture of one endangering-children count with a gross-sexual-imposition count. Had the State negotiated to elect to proceed on one or both of the gross-sexual-imposition

counts, Mr. Rinehart would have been foreclosed from seeking judicial release until 15 years of the sentence expired, if at all.

{¶30} Under the circumstances, Mr. Rinehart's plea and the prosecutor's representations regarding his ability to seek judicial release after serving ten years are supported by the record. Mr. Rinehart's argument that his counsel was ineffective is not well-taken and his assignment of error is without merit.

{¶31} Even though we conclude trial counsel did not render ineffective assistance of counsel, we sua sponte take issue with the trial court's sentencing order. In both its sentencing pronouncement at the hearing and in the sentencing order, the trial court acknowledged that the gross sexual imposition counts would merge, pursuant to the State's election, with the endangering children counts. Nevertheless, the trial court proceeded to enter a judgment on sentence for the merged counts. At the hearing, the trial court stated:

> I am going to sentence the defendant on count one, which is the rape charge, a felony of the first degree, to ten years in prison. On count three, which is the endangering children, I am going to sentence defendant to 60 months in the Ohio Department of Corrections. On count nine, which is the endangering children, a felony of the third degree, I am going to sentence the defendant to 60 months in the Ohio Department of Corrections to run consecutive to one another. On count two I am going to sentence the defendant to 60 months in the Ohio Department of Corrections. *That merges -- count two merges into count three for sentencing purposes.* On count eight, which is the gross sexual imposition charge, I am going to sentence the defendant to 60 months in the Ohio Department of Corrections, *which merges into count nine*.

(Emphasis added.)

{¶32} Moreover, in the trial court's sentencing entry, the court ordered:

Case No. 2025-P-0067

Defendant is sentenced to the Ohio Department of Rehabilitation and Corrections to a term of imprisonment of ten (10) years for Amended Count One of the indictment, charging the Defendant with the offense of "Rape", [sic] a Felony of the First Degree, in violation of R.C .2907.02(A)(1)(b), a term of imprisonment of sixty (60) months for Count Two of the Indictment, charging the Defendant with the offense of "Gross Sexual Imposition", [sic] a Felony of the Third Degree, and in violation of R.C. 2907.05(A)(4), of which shall merge into Amended Count Three of the Indictment, a term of imprisonment of Sixty (60) months for Amended Count Three of the Indictment, charging the Defendant with the offense of "Endangering Children", [sic] a Felony of the Third Degree, and in violation of R.C. 2919.22, a term of imprisonment of Sixty (60) months for Count Eight of the Indictment, charging the Defendant with the offense of "Gross Sexual Imposition", [sic] a Felony of the Third Degree, and in violation of R.C. 2907.05(A)(4), of which shall merge into Amended Count Nine of the Indictment, and a term of imprisonment of Sixty (60) months for Amended Count Nine of the Indictment, charging the Defendant with the offense of "Endangering Children", [sic] a Felony of the Third Degree, and in violation of R.C. 2919.22, to run consecutive to one another, for an aggregate total of twenty (20) years, or until otherwise legally released.

{¶33} In *Williams,* 2016-Ohio-7658, at ¶ 32, the Supreme Court of Ohio found certain counts were allied offenses of similar import and merged for purposes of sentencing. The trial court, however, sentenced the defendant to concurrent sentences on each of the three allied offenses instead of sentencing on only one offense. *Id.* On review, the Supreme Court of Ohio found that "once the sentencing court decides that the offender has been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences." (Citation omitted.) *Id.* at ¶ 19. *See also State v. Figueroa*, 2020-Ohio-1328, ¶ 51 (11th Dist.) (a trial court cannot impose a separate sentence for each offense when it concludes that an accused has been found guilty of allied offenses of similar import).

Case No. 2025-P-0067

{¶34} The *Williams* Court observed:

> It therefore follows that when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses, even if imposed concurrently, is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void.

*Williams* at ¶ 28.

{¶35} Here, the trial court merged the gross sexual imposition counts with the endangering children counts but sentenced him on both the endangering children and gross sexual imposition counts. As this constitutes plain error pursuant to Crim.R. 52(B), we remand this case for resentencing to fully correct the record.

{¶36} Given the foregoing, we conclude Mr. Rinehart's assignment of error lacks merit, but the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded for a new sentencing hearing.

MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0067

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court, however, that, due to plain error in the trial court's judgment entry on sentence and conviction, the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0067