The STATE of Ohio, Appellee,

v.

THOMAS, Appellant.

[Cite as *State v. Thomas* (1996), 111 Ohio App.3d 510.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69321.

Decided May 7, 1996.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Blaise D. Thomas,* Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.,* for appellant.

*Per Curiam.*

This matter came to be heard upon the accelerated calendar of the court pursuant to App.R. 11.1 and Loc.R. 25, which eliminates delay and expense and allows the statement of reasons for the court's decision to be in brief and conclusionary form.

The case history relevant to this appeal began on June 7, 1994 when the trial court sentenced Marvetta Thomas to a three-to-fifteen-year term of incarceration following jury verdicts finding her guilty of possessing twenty-eight grams of

PCP together with a firearm specification, possession of criminal tools, and carrying a concealed weapon, a 9 mm Baretta. Thereafter, Thomas appealed her convictions; our court affirmed the judgment of the trial court, and Thomas then sought leave to appeal to the Ohio Supreme Court and also filed an application with our court to reopen her appeal. On June 16, 1995, after our decision affirming her convictions had been announced, the prosecutor filed a motion in the trial court to correct her sentence, urging that the trial court inadvertently failed to impose the mandatory three-year firearm penalty. The trial court ordered Thomas returned from Marysville, conducted a sentencing hearing, and journalized the following on July 19, 1995:

"Entry of May 31, 1995 is amended to read: In addition to the 3 to 15 years sentence to ORW, Marysville, Ohio on count 1, 3 years (actual) incarceration for possession of the firearm is imposed * * *."

Thomas now reappeals to our court from the judgment imposing the three-year sentence of actual incarceration on the firearm specification, and assigns three errors for our review.

■ The first assignment error states:

"Defendant was denied due process of law when the court proceeded to resentence the defendant after the defendant had appealed her conviction and the prosecutor had raised no objection nor appealed any sentencing or perceived error in the sentencing proceedings."

Thomas argues in support of her position that because the prosecutor did not raise the issue of sentencing during the pendency of the first appeal or object at the time of sentencing, error in that proceeding has been waived.

The state urges that regardless of the actions of the prosecutor, a trial judge can always correct the erroneous imposition of a sentence less severe than the statutory minimum.

The issue then for our resolution is whether the prosecutor's failure to object to an erroneous sentence of less than the statutory minimum or raise the issue during the pendency of an appeal precludes the court from correcting such a sentence.

Here, we must examine the role of the trial court, which is to apply the law as written. R.C. 5145.01 states that a trial court shall impose no term of imprisonment "less than the minimum term provided for such felony."

Clearly, the prosecutor's actions on an appeal cannot, in any manner, affect the duty of the trial court to impose sentence according to law. Whatever position the prosecutor assumed with respect to appellant's assignments of error on the

first appeal of this case does not change the fact that the trial court did not impose sentence for the firearm specification *as mandated by law.*

We do not find any authority for the proposition that failure of a prosecutor to raise an issue, either before the sentencing court or on appeal, in any way changes the duty of the court to impose a mandatory sentence prescribed by the legislature. Accordingly, the trial court properly resentenced this appellant and we find no merit to this assignment of error.

■ The second assignment of error states:

"Defendant was denied her constitutional right not to be placed twice in jeopardy when the trial court increased her sentence by ordering an additional sentence after the defendant had commenced serving her original sentence."

Thomas argues that the trial court violated her constitutional rights prohibiting double jeopardy by increasing her sentence to six to fifteen years after she had begun serving the original three-to-fifteen-year sentence.

The state urges that the court is authorized by statute to impose the appropriate sentence and that, in accord with *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, jeopardy has not attached to this appellant.

Here, then, the question we are called upon to review is whether a trial court which failed to impose a mandatory sentence for a firearm specification pursuant to a jury verdict can constitutionally impose that sentence after the defendant has begun serving the imposed sentence.

We answer this question in the affirmative. In *Bozza v. United States* (1947), 330 U.S. 160, 166, 67 S.Ct. 645, 648–649, 91 L.Ed. 818, 822, the court stated:

"A prisoner, whose guilt is established by a regular verdict, [cannot] escape punishment altogether because the court committed an error in passing the sentence."

Further, the court in that case stated at 166–167, 67 S.Ct. at 649, 91 L.Ed. at 822, "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

Finally, the court concluded that "[t]he sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." *Id.* at 167, 67 S.Ct. at 649, 91 L.Ed. at 822.

Also, in *State v. Beasley, supra,* the Ohio Supreme Court considered a trial court's erroneous imposition of a sentence less severe than the statutory minimum and later correction of that sentence and held that "jeopardy ha[d] not attached * * *, and * * * society's interest in enforcing the law, and in meting

out the punishment the legislature has deemed just, must be served." 14 Ohio St.3d at 75, 14 OBR at 512, 471 N.E.2d at 775.

The Supreme Court, in concluding its analysis in *Beasley*, stated:

"[T]he suspension of a correctly imposed sentence is different from the *failure to impose a required sentence*; however the end results are the same. * * * Just as the United States Supreme Court has prohibited circumvention of statutory sentencing requirements by indefinitely suspending a sentence, we feel that that court would prohibit circumvention of a statutory sentencing requirement by a trial court's failure to originally impose a correct sentence." (Emphasis added.) 14 Ohio St.3d at 76, 14 OBR at 512–513, 471 N.E.2d at 775.

The court then held that the action of the trial judge in correcting an incorrect sentence did not violate appellant's right to be free from double jeopardy.

The facts presented on this appeal suggest that the trial court did not twice impose sentence on appellant for the same offense, or arbitrarily increase an imposed discretionary sentence. Rather, the trial court properly imposed sentence for the felony offenses of trafficking in drugs, possession of criminal tools, and carrying a concealed weapon but, through inadvertence or error, never imposed the mandatory firearm penalty prescribed by R.C. 2929.71. Hence, at the resentencing hearing, the trial court imposed only the mandatory firearm penalty which it had omitted in the initial sentencing. This action fully comports with applicable case law and the duty of a trial judge to apply the law as written.

We conclude that the action of the trial court in following the law did not violate appellant's double jeopardy rights, and, accordingly, we overrule this assignment of error.

The third assignment of error states:

"The common pleas court was without jurisdiction to make any change in a sentence when this matter was pending both in the Court of Appeals for Cuyahoga County [and] the Ohio Supreme Court."

Thomas asserts the position that appeals filed in both the Ohio Supreme Court and the court of appeals deprived the trial court of jurisdiction to impose the firearm penalty in the matter on July 19, 1995.

The state maintains that the trial court acted properly in sentencing appellant since our court had affirmed her convictions and the Ohio Supreme Court had not yet accepted the case for decision.

The issue then presented by this assignment of error is whether the trial court properly resentenced the appellant.

■ To resolve this matter, we examine the docket, which reveals that on July 19, 1995, when the trial judge imposed sentence for the firearm penalty, our court of appeals had already affirmed her convictions, and appellant had filed a motion for leave to appeal to the Ohio Supreme Court, but that court had not yet agreed to entertain the appeal, and, hence, had no jurisdiction over the appellant at that time. See *State v. Murphy* (1990), 49 Ohio St.3d 293, 551 N.E.2d 1292, where the court stated in its syllabus:

"A court of appeals retains jurisdiction to render a determination in a felony case upon an application for reconsideration unless and until the Ohio Supreme Court exercises its discretionary and exclusive jurisdiction to hear such case pursuant to Section 2(B)(2)(b), Article IV of the Ohio Constitution."

■ Reasoning by analogy, then, we conclude that the Supreme Court assumes jurisdiction only when it expressly exercises its discretion to hear felony cases. Hence, since that court had not so exercised its discretion, it clearly had not yet assumed jurisdiction, because a motion for leave to appeal does not automatically vest jurisdiction in the Supreme Court. Therefore, in this case, the trial court was not precluded from acting, since the Supreme Court had not exercised its discretion to accept jurisdiction.

■ Further, appellant had filed a motion to reopen her case with our court *which had not yet been granted.* A motion to reopen is different from an appeal on the merits of a case in that it does not automatically vest this court with exclusive jurisdiction over the parties. Hence, absent an order from this court reopening the case, nothing precluded the trial court from acting in a manner consistent with the prior affirmance of the appellant's convictions. See *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162.

Thus, while it is true that appellant had filed discretionary motions with both the appellate court and the Supreme Court, it is not true that the trial judge lacked jurisdiction to entertain the prosecutor's resentencing motion of June 29, 1995, because the appellant's case was not pending in either of those courts on that date and nothing precluded the trial judge from acting in a manner consistent with our affirmance of the appellant's convictions. The appellant's third assignment of error is therefore overruled.

In accordance with the foregoing analysis, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., O'DONNELL and PATTON, JJ., concur.