[Cite as *State v. Melton*, 2018-Ohio-4699.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107076**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANDRE MELTON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-95-327341-ZA

**BEFORE:** Boyle, J., E.A. Gallagher, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**FOR APPELLANT**

Andre Melton, pro se
Inmate No. 320659
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Andre Melton, appeals the trial court's denial of his motion

to vacate sentence.   He raises one assignment of error for our review:

> The trial court erred by disregarding statutory sentencing when it sentenced the appellant to an unauthorized sentence of 20 full years to life for aggravated murder with capital spec., instead of [a] sentence required by law and statute; abused its discretion when it denied appellant's motion to vacate unauthorized sentence.   Accordingly, appellant's sentence is contrary to law, void and illegal.

{¶2}   Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶3}   In February 1996, Melton pleaded guilty to aggravated murder with a mass

murder capital specification and a gun specification.   As part of his plea, the prosecutor agreed

not to pursue the death penalty.   A three-judge panel accepted his plea and immediately

sentenced him to a "term of 20 years to life imprisonment consecutive to three years actual" for the firearm specification.

{¶4}   Nine months later, Melton moved to withdraw his guilty plea, which the trial court denied.   Melton filed a notice of appeal that we dismissed for failure to file a record. Several years later, Melton filed a motion for a delayed appeal, which we denied.

{¶5}   In October 2006, Melton moved to withdraw his guilty plea for a second time, which the trial court also denied.   Melton appealed to this court.   We dismissed this appeal for failure to file the record.   Subsequently, Melton moved for a delayed appeal on several more occasions, which this court denied each time.

{¶6}   On April 10, 2007, Melton filed a "Memorandum Regarding Sentencing," where he argued that he was not found guilty of a capital specification, so a "sentence of life with twenty full years is not available."   This motion was in response to the department of rehabilitation and correction's request that the trial court correct the sentencing entry to reflect a sentence of "twenty full years to life" versus "twenty years to life."   At his original sentencing hearing, the trial court orally sentenced Melton to "twenty full years to life," which, at that time, was the minimum sentence available under R.C. 2929.03, the statute that sets forth possible sentences for aggravated murder.   Melton also asserted that the trial court was without authority to change the sentence because he did not waive his right to a jury trial and because such change would render his guilty plea involuntary.

{¶7}   Several months later, Melton filed a motion requesting the trial court to enter a final appealable order, arguing that his conviction was not a final appealable order because the trial court did not set forth in the judgment that he was guilty pursuant to the requirements of Crim.R. 32(C).

**{¶8}** On April 14, 2009, the trial court entered a nunc pro tunc entry correcting Melton's sentence to "20 full years to life, which is consecutive to the [three] year actual" instead of "20 years to life imprisonment consecutive to three years actual" to reflect what it had orally ordered at the time of the original sentencing hearing. The court also stated that it considered Melton's remaining claims as a petition for postconviction relief that was untimely and barred by res judicata.

**{¶9}** Melton appealed the trial court's nunc pro tunc entry, raising six assignments of error. We held that all but one of them were barred by res judicata. *See State v. Melton*, 8th Dist. Cuyahoga No. 93299, 2010-Ohio-4476, ¶ 14, 18, and 27-29. We found merit, in part, to his argument that because his original conviction was entered by a three-judge panel, the court could not issue a nunc pro tunc entry signed by one judge. We remanded the matter for the trial court to issue a nunc pro tunc order signed by a three-judge panel. *Id*. at ¶ 25.

**{¶10}** On March 4, 2011, the trial court issued an identical nunc pro tunc order, but this time it was signed by three judges. Melton appealed that order as well.

**{¶11}** Again, he raised many of the same arguments that he had previously raised. We overruled his assigned errors and affirmed the judgment of the trial court. *See State v. Melton*, 8th Dist. Cuyahoga No. 96621, 2011-Ohio-5929, ¶ 22.

**{¶12}** In December 2017, Melton filed a motion to "Vacate Unauthorized Sentence," which the trial court denied. It is from this judgment that Melton now appeals.

## II. Analysis

**{¶13}** Melton argues that the trial court erred when it denied his motion to vacate his "unauthorized sentence" because it "disregarded statutory sentencing" requirements. Specifically, Melton contends that his sentence is contrary to law because the trial court imposed

a sentence of "'20 full years to life' on the aggravated murder count instead of a sentence of 'life imprisonment with parole eligibility after serving twenty full years of imprisonment.'"

**{¶14}** The state, however, maintains that this court already considered and affirmed Melton's sentence in *Melton*, 8th Dist. Cuyahoga No. 96621, 2011-Ohio-5929. Thus, the state is essentially arguing that this court cannot address Melton's argument because it is barred by res judicata.

**{¶15}** Generally, "if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 23, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. But "'[n]o court has the authority to impose a sentence that is contrary to law.'" *Id*. at ¶ 22, quoting *Fischer*.

**{¶16}** The Ohio Supreme Court explained in *Fischer* that "[j]udges are duty-bound to apply sentencing laws as they are written." *Id*. at ¶ 22, citing *State v. Thomas*, 111 Ohio App.3d 510, 676 N.E.2d 903 (8th Dist.1996). The *Fischer* court further reiterated, "'[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.'" *Id*., quoting *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964).

**{¶17}** Therefore, when a trial court "disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.'" *Williams* at ¶ 22, quoting *Fischer*.

**{¶18}** In support of his argument that his sentence is contrary to law, Melton relies on this court's decision in *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, which was a direct appeal, and *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103, a decision from the Second District applying *Kemp* to a postconviction appeal. In *Kemp*, the defendant was convicted of murder in violation of R.C. 2903.02(A) and sentenced in January 2012 to "[l]ife in prison with eligibility of parole after 15 years." The relevant statute in effect at that time, R.C. 2929.02(B)(1), provided "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." This court agreed with Kemp that his sentence was contrary to law, and thus, we vacated his sentence and remanded for resentencing. *Kemp* at ¶ 76.

**{¶19}** In *Duncan*, the defendant filed a motion in 2016 to vacate his 2006 sentence for felony murder relying on our holding in *Kemp* and arguing that the trial court "entered a sentence not provided for by statute thereby rendering the sentence void." *Id*. at ¶ 4. Duncan argued that his sentence, "life with the possibility of parole after fifteen (15) years" was contrary to law because the relevant sentencing statute, R.C. 2903.02(B), provided that "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." *Duncan* at ¶ 7.

**{¶20}** The Second District stated:

> *Kemp*, supra, involved a direct appeal, whereas we are dealing with a sentence that is more than a decade old. But, Duncan argues that his sentence is void, and therefore, subject to attack at any time. Thus, we must determine whether the sentence imposed by the trial court, and described by the Eighth District Court of Appeals in *Kemp* as contrary to law, is void or is merely a type of sentencing error that may only be challenged on direct appeal.

*Duncan* at ¶ 9.

**{¶21}** After setting forth the standard of review, the Second District agreed with Duncan

that his sentence was contrary to law. It reasoned:

> "When construing a statute, [a reviewing] court's paramount concern is the legislative intent in enacting the statute." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 227, 1999-Ohio-98, 714 N.E.2d 394 (1999), citing *State v. S.R.*, 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). "Furthermore, 'words must be taken in their usual, normal or customary meaning.'" *Id.*, quoting *S.R.* "A 'definite' sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence." *Id.*

> We reject the state's argument that the sentence imposed has no practical consequence because it has the same outcome for purposes of parole. Regardless of whether the two sentences permit parole at the same time, they are two different sentences. One is set forth by statute, the other is not. The trial court converted an indefinite sentence required by statute into a de facto definite sentence. Thus, we conclude that the trial court exceeded its authority in sentencing, rendering void the sentence imposed.

*Id.* at ¶ 13-14.

**{¶22}** Here, Melton was sentenced under former R.C. 2929.03(C)(2), which provided in pertinent part:

> (2) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, *life imprisonment with parole eligibility after serving twenty full years of imprisonment*, or life imprisonment with parole eligibility after serving thirty full years of imprisonment[.]

(Emphasis added.)

**{¶23}** In both *Kemp* and *Duncan*, the defendants were sentenced to life in prison with the possibility of parole after 15 years, when they should have been sentenced to "an indefinite term

of 15 years to life." Here, however, it is the reverse: Melton was sentenced to "20 full years to life" when the statute required that he be sentenced to "life imprisonment with parole eligibility after serving twenty full years of imprisonment."

{¶24} After review, we find *Kemp* and *Duncan* to be distinguishable from the present case. Melton was sentenced under pre-S.B. 2 law. He was sentenced to an indefinite sentence of "20 full years to life in prison." Although not the exact wording of the statute, the trial court did not convert a "de facto definite sentence" into an indefinite sentence — as it did in *Kemp* and *Duncan* — because Melton's sentence was already an indefinite sentence. Accordingly, we find that Melton's sentence is not contrary to law, and we are therefore barred by res judicata from addressing it.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MELODY J. STEWART, J., CONCUR