[Cite as *State v. Henderson*, 2018-Ohio-5155.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   106308

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROGERS T. HENDERSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-381404-B

**BEFORE:** Boyle, J., Kilbane, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 20, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Gregory J. Ochocki
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Rogers Henderson, appeals the trial court's judgment resentencing him to 15 years to life in prison plus three years for a firearm specification to be served prior to and consecutive to the base charge, for an aggregate sentence of 18 years to life in prison.   He also appeals the trial court's jail-time credit calculation.   He raises two assignments of error for our review:

> 1. The trial court erred when, in 2017, it added a life tail to the sentence of 18 years of imprisonment imposed in 1999.

> 2. The trial court erred when it failed to credit Mr. Henderson with a total of 71 days of jail-time credit.

{¶2}   We agree with Henderson that the trial court incorrectly calculated his jail-time credit but disagree that the trial court erred in resentencing him. We therefore affirm in part,

reverse in part, and remand with instructions for the court to issue a new judgment reflecting that Henderson is entitled to 71 days of jail-time credit.

## I. Procedural History

{¶3} On November 30, 1999, Henderson pleaded guilty to murder in violation of R.C. 2903.02(A), with a three-year firearm specification. The trial court sentenced him as follows: "[three] years to run prior to and consecutive with base charge of 15 years."

{¶4} On March 31, 2009, Henderson moved to vacate his sentence due to the fact that the trial court improperly imposed postrelease control. The trial court denied his motion.

{¶5} On May 4, 2011, the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Correction sent the trial court a letter informing it that Henderson's sentence should have been 15 years to life for murder rather than 15 years. The trial court never took any action on this letter.

{¶6} On June 15, 2011, the state moved for the trial court to correct Henderson's sentence. The trial court never ruled on the state's motion, and the state never pursued it further.

{¶7} On August 31, 2017, Henderson, pro se, moved for 68 days of jail-time credit based on his claim that he had been "delivered into state custody" on September 24, 1999, and that he was entitled to jail-time credit from that date through December 1, 1999.[1] According to Henderson, the trial court had already given him two days of jail-time credit, and thus, he asserted that he was entitled to an additional 66 days. The trial court granted Henderson's motion, stating that Henderson would "receive a total of 66 days of a jail-time credit."

---

[1]Evidence presented at the hearing on September 20, 2017, established that Henderson had actually been in custody since September 22, 1999.

{¶8}    On September 15, 2017, the state moved for resentencing due to Henderson's unlawful sentence of 15 years for murder.

{¶9}    On September 20, 2017, Henderson, through counsel, moved for an extra five days of jail-time credit in addition to the 66 days that the trial court granted to him on September 14, 2017.

{¶10} The trial court held a hearing on both the state's and Henderson's motions on September 20, 2017.

{¶11} Barbara Pond, the record office supervisor for the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Correction, testified that she calculates release dates for Ohio prison inmates based on information provided in journal entries.   She testified that if an inmate started his or her sentence on September 22, 1999, his or her release date would be September 16, 2017, due to five leap days during that time — 2000, 2004, 2008, 2012, and 2016.   She explained that the Bureau of Sentence Computation bases a year on 365 days, but when there is a leap year, there are 366 days in a year so they subtract one day per each leap year.   She stated that if there were no leap years in the hypothetical given, then the inmate's release date would have been September 21, 2017.

{¶12} Regarding Henderson, Pond testified that Henderson must be released by midnight on September 21, 2017.   She explained that Henderson's computation takes into account 66 days of jail-time credit based on the trial court's journal entry dated September 14, 2017. Henderson was arrested on September 22, 1999, and his admission date was December 2, 1999. Pond stated that to calculate Henderson's release date, she added 18 years, and subtracted 66 days for jail-time credit and 5 days for the 5 leap years.   Based on that calculation, Henderson's release date was September 21, 2017.

{¶13} Pond identified a document that she sent to the prosecutor's office on September 19, 2017, the day before the hearing, from the Ohio Department of Rehabilitation and Correction. The document sets forth Henderson's sentence of 3 years for the gun specification and 15 years for murder, jail-time credit of 66 days, and "calculated release date" as September 21, 2017.

{¶14} Pond testified that when a judge improperly sentences a defendant, her department sends a letter to the judge to tell the judge "as politely as possible" that the sentence does not comport with the sentencing guidelines. She stated that she sent a letter to the trial court judge on May 4, 2011, stating that Henderson's sentence should have "carried a life term." She said they never got a response from the trial court judge. She also sent a copy of the letter to the prosecutor's office.[2]

{¶15} Pond identified a document from the manual that her department uses to calculate an inmate's prison time. According to the document, the "stated prison term is multiplied by 365 days and jail credit is subtracted. The time to serve is added to the admission date to arrive at the Expiration of Stated Term (EST)." She explained that a "conveyance time" is the "day after sentencing to the day prior to admission." The conveyance time is "added to the jail-time credit that is in the journal entry." But she said that when they get an entry from the judge stating the jail-time credit, they assume that the judge included the conveyance time in his or her calculation of jail-time credit. In this case, that meant that she assumed that the 66 days of jail-time credit included Henderson's conveyance time. Pond stated that without the jail-time credit, Henderson's calculated release date would have been November 24, 2017.

---

[2]The record indicates that Pond sent the May 4, 2011 letter to the original trial court judge who was no longer a sitting judge on Cuyahoga County Common Pleas Court. The judge who took over the original sentencing judge's docket began on March 28, 2011.

**{¶16}** The state told the trial court that at the plea hearing, the trial court informed Henderson that by pleading guilty to murder, his sentence would be 15 years to life in prison, consecutive to three years for the gun specification. The state also argued that under R.C. 5145.01, Henderson should not be released. The state maintained that under this statute, the trial court could just correct Henderson's sentence to reflect that the 15 years "has a life tail." The state informed the trial court that it filed a motion on June 15, 2011, asking the trial court to correct Henderson's sentence to add the life tail, but the court never ruled on it. In sum, the state argued that the trial court has the ability to correct the mistake because Henderson's sentence was not authorized by statute or in the alternative, under R.C. 5145.01.

**{¶17}** Henderson's counsel argued that Henderson was arrested on September 22, 1999, but that he did not "get booked into county until the 27th." According to Henderson's counsel, Henderson was entitled to five more days of jail-time credit due to this five-day discrepancy between the time he was arrested and the time he was booked. Henderson's counsel argued that the court gave Henderson credit for his county time, but did not take into account his time in the Cleveland municipal system from the time of his initial arrest. Henderson's counsel further argued that the court did not have jurisdiction to resentence Henderson due to the fact that Henderson should have already been released from prison on September 16, 2017.

**{¶18}** At the close of the hearing, the trial court denied Henderson's motion for jail-time credit and granted the state's motion for resentencing. It found that jail-time credit would "affect the final decision" in this case if Henderson had a "flat sentence" of 18 years. But because Ohio sentencing statutes mandated that Henderson should have been sentenced to an indefinite sentence of 15 years to life in prison for murder, Henderson did not have a "flat sentence." The trial court also found that R.C. 5145.01 applied to the case.

{¶19} The trial court then resentenced Henderson to 15 years to life in prison for murder plus three years for the firearm specification to be served prior to and consecutive to the underlying murder offense. The trial court informed Henderson that September 21, 2017, was the first day that he was eligible for parole. It is from this judgment that Henderson now appeals. We will address his assignments of error out of order for ease of discussion.

## II. Jail-Time Credit

{¶20} The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. The rationale for giving jail-time credit "is quite simple[;] [a] person with money will make bail while a person without money will not." *Id*. at ¶ 25 (Stratton, J., concurring). That means for "two equally culpable codefendants who are found guilty of multiple offenses and receive identical concurrent sentences," the poorer codefendant will serve more time in jail than the wealthier one who was able to post bail. *Id*. at ¶ 25-26. "[T]he Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *Id.* at ¶ 7. Based on these principles, "defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." *Id.*

{¶21} In Ohio, this principle is codified in R.C. 2967.191, which provides in relevant part: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]"

**{¶22}** "Although the [Bureau of Sentence Computation] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his [or her] sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. Therefore, the Ohio Bureau of Sentence Computation may credit only the amount of jail time that the trial court determines the inmate is entitled to by law. *Id.* at ¶ 8. It cannot apply jail-time credit that has not been calculated by the sentencing court. *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-77, 2009-Ohio-3958, ¶ 16.

**{¶23}** In this case, Henderson was arrested on September 22, 1999. The trial court agreed that Henderson was in jail as of that date. Henderson was transported from the county jail to the state prison on December 2, 1999. The number of days from September 22 to December 2 (not counting December 2 because Henderson was admitted to prison on that day) amounts to 71 days. Thus, we agree with Henderson that the trial court did not properly calculate his jail-time credit.

**{¶24}** Accordingly, we sustain Henderson's second assignment of error.

## III. R.C. 5145.01

**{¶25}** In his first assignment of error, Henderson argues that the trial court erred when it resentenced him because his "sentence was already served in toto prior to the September 20, 2017 hearing."

**{¶26}** There is no question that in this case, Henderson's definite sentence of 15 years for murder was contrary to law. R.C. 2929.02(B) provides that "whoever is convicted of or pleads

guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life."

{¶27} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court explained:

> Judges have no inherent power to create sentences.   Griffin & Katz, Ohio Felony Sentencing Law (2008) 4, Section 1:3, fn. 1.   *See also Woods v. Telb*, 89 Ohio St.3d [504] at 507-509, 733 N.E.2d 1103 [2000] (describing the legislative intent behind a new, comprehensive sentencing structure, including postrelease control).   Rather, judges are duty-bound to apply sentencing laws as they are written.   *See State v. Thomas* (1996), 111 Ohio App.3d 510, 512, 676 N.E.2d 903.   "[T]he only sentence which a trial court may impose is that provided for by statute.   A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove* [*v. Burns*], 175 Ohio St. [437,] 438, 25 O.O.2d 447, 195 N.E.2d 811 [1964].

*Id*. at ¶ 22.

{¶28} The state argues, however, that R.C. 5145.01 and this court's decision in *State v. Chapman,* 8th Dist. Cuyahoga No. 104379, 2016-Ohio-8151, interpreting R.C. 5145.01, establish that Henderson's sentence "has always been 15 years to life, consecutive to 3 years for the firearm specification," no matter what the trial court actually imposed.   We agree.

{¶29} R.C. 5145.01 provides that

> [i]f, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section.

{¶30} Regarding this statute, this court explained in *Chapman*:

> Under this statute, if a determinate sentence is imposed instead of a statutorily required indeterminate sentence, the determinate sentence is treated as an indeterminate one.   *State v. Lauharn*, 2d Dist. Miami No. 2010-CA-35, 2011-Ohio-4292, *4; *see also* [*State v. Gates*, 8th Dist. Cuyahoga No. 93789, 2010-Ohio-5348], at ¶ 8 (concluding that the definite-term sentence imposed for a

pre-S.B. 2 offense was not void but deemed an indefinite sentence under R.C. 5145.01); *State v. Whitehead*, 10th Dist. Franklin No. 90AP-260, 1991 Ohio App. LEXIS 1324 (Mar. 28, 1991) (after finding no error with the defendant being resentenced to an indeterminate sentence from a determinate one, the court noted that "it is at least arguable that the proper [indeterminate] sentence * * * would be applied as a matter of law pursuant to R.C. 5145.01.").

*Chapman* at ¶ 9.

{¶31} In this case, the trial court, "through oversight or otherwise," imposed a definite sentence for murder when "a definite term of imprisonment is not provided by statute." R.C. 5145.01. Therefore, under this statute, Henderson's sentence was not void. *Id.* Further, Henderson was subject to the indefinite penalties under the murder statute regardless of whether the trial court mistakenly imposed a definite sentence. Accordingly, Henderson's first assignment of error is sustained. Therefore, when the trial court resentenced Henderson, he was serving an indeterminate sentence of 15 years to life in prison by operation of law.

{¶32} Henderson further argues that he had a constitutionally protected expectation of finality. There can be no expectation of finality, however, when a sentence is unlawful. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36. Henderson's definite sentence of 15 years was unlawful, and thus, he could not have an expectation of finality.

{¶33} Judgment affirmed in part and reversed in part. Judgment reversed with respect to jail-time credit. Judgment is otherwise affirmed. This case is remanded with instructions for the trial court to issue a new judgment reflecting that Henderson is entitled to 71 days of jail-time credit.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR