[Cite as *State v. Smith*, 2019-Ohio-155.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106893

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**EDWARD A. SMITH**

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE VACATED;
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-88-226041-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

**FOR APPELLANT**

Edward A. Smith, pro se
Inmate No. R135659
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Edward Smith, appeals pro se from his sentence following a guilty plea.   He raises the following assignment of error for review:

> The trial court erred as a matter of law when sentencing defendant-appellant to 20 years to life and abused its discretion in denying defendant's motion to correct a facially illegal sentence where defendant-appellant's sentence is contrary to law.

{¶2} After careful review of the record and relevant case law, we vacate Smith's sentence and remand the matter to the trial court for proceedings consistent with this opinion.

### I. Procedural and Factual History

{¶3} In November 1985, Smith fatally stabbed the victim, while burglarizing the victim's home.   Smith was 17 years of age at the time.   In July 1988, Smith entered into a plea agreement with the state of Ohio in which he pled guilty to aggravated murder.   On the same day

of his plea, the trial court sentenced Smith to 20 years to life in prison. The sentence was ordered to run concurrently to three other cases Smith had pending at that time.

{¶4} In July 2013, Smith filed a "motion to void sentence," alleging that his sentence was void and that the trial court lacked subject matter jurisdiction over his case. In August 2013, the trial court denied the motion without a hearing.

{¶5} In November 2013, Smith filed a pro se "motion to void judgment and correct under Civ.R. 60(B)." Smith reiterated the arguments raised in his July 2013 motion, alleging that the trial court lacked jurisdiction to impose the 20-year-to-life prison term. In December 2013, the trial court denied the motion without a hearing.

{¶6} In August 2014, the trial court issued the following entry regarding Smith to the Ohio Adult Parole Authority:

> The court is in receipt of the Ohio Adult Parole Authority's 08/14/2014 notice of offender's hearing before the parole board. The court imposed a sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio parole board from that which was imposed.

{¶7} In January 2015, the Ohio Parole Board held a hearing to determine whether it would release Smith. The parole board decided not to release Smith because of the severity of his crime and serious infractions he committed while incarcerated. The parole board found that Smith's release would create either an undue risk to public safety or be inconsistent with the welfare and security of society.

{¶8} In June 2015, which was approximately five months after the parole board's decision, Smith filed a motion seeking to withdraw his previously entered guilty plea. In his motion, Smith argued the trial court breached his plea agreement when the trial court submitted a letter to the Adult Parole Authority opposing his release.

{¶9} Following a hearing, the trial court denied Smith's motion to withdraw his guilty plea. This court affirmed the trial court's judgment in *State v. Smith*, 8th Dist. Cuyahoga No. 104263, 2017-Ohio-1155.

{¶10} In February 2018, Smith filed a "motion to void sentence." In the motion, Smith argued that his sentence is contrary to law and that the trial court exceeded its authority under the Ohio Revised Code by imposing a prison term of 20 years to life. The trial court denied Smith's motion without a hearing.

{¶11} Smith now appeals the trial court's judgment.

## II. Law and Analysis

{¶12} In his sole assignment of error, Smith argues "the trial court erred as a matter of law by sentencing him to 20 years to life and abused its discretion in denying his motion to correct an illegal sentence where the sentence is contrary to law." Smith contends that the trial court exceeded its authority in sentencing him to a term of imprisonment that is not authorized by the Ohio Revised Code.

{¶13} While there is no constitutional right to appellate review of a criminal sentence, R.C. 2953.08 confers statutory rights upon a defendant to appeal from some felony sentences. *See State v. Smith*, 80 Ohio St.3d 89, 97, 684 N.E.2d 668 (1997). R.C. 2953.08(A) authorizes a defendant to challenge a sentence that is "contrary to law." But the statute bars that appeal when the sentence to be reviewed, as here, was imposed for the crime of aggravated murder. Specifically, R.C. 2953.08(D)(3) provides, "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under [R.C. 2953.08]." Accordingly, evidentiary review of a sentence imposed by a trial court

pursuant to R.C. 2929.03(A) is precluded. *See State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 64.

**{¶14}** In this case, however, Smith does not challenge the evidentiary basis supporting his sentence. Rather, Smith maintains that the trial court imposed a prison term that is not authorized under R.C. 2929.03(A), and is, therefore, void. This court has previously recognized that no court has the authority to impose sentences that are void as a matter of law. *State v. Lee*, 8th Dist. Cuyahoga No. 105894, 2018-Ohio-1839, ¶ 6, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28. Thus, regardless of the restrictions set forth under R.C. 2953.08(D), "an appellate court has authority to review sentences that are void." *Id*, citing *Williams* at ¶ 28; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 25. *See also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20 ("A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions."), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 ("Every judge has a duty to impose lawful sentences."). Accordingly, while this court is not entitled to review the evidentiary basis supporting Smith's sentence, we may review the record to determine whether the sentence imposed is void.

**{¶15}** We further note that the procedural history of this case, including the significant delay between the imposition of Smith's sentence and this appeal, does not preclude our review. Generally, "if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." W*illiams* at ¶ 23, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6-7. However, because "'[n]o court has the authority to impose a sentence that is contrary to law,' when the trial court disregards statutory mandates,

'[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.'" *Id*. at ¶ 22, quoting *Fischer* at ¶ 23, 30.

> [Ohio's] jurisprudence on void sentences "reflects a fundamental understanding of constitutional democracy" that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute.

W*illiams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 22, quoting *Fischer,* at ¶ 21-22. Thus, "[t]he function and duty of a court is to apply the law as written." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *superseded by statute on other grounds* as stated in *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. "[C]rimes are statutory, as are the penalties therefore, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law." *Id*., quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Id*. With this standard in mind, we turn to the issue of whether the trial court disregarded statutory requirements when sentencing Smith to 20 years to life in prison.

{¶16} As stated, Smith was convicted of aggravated murder in violation of R.C. 2903.01. At the time of his sentencing, the penalty for this offense was codified at R.C. 2929.03(A), which stated in relevant part:

> the trial court *shall* impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment.

{¶17} "When construing a statute, [a reviewing] court's paramount concern is the legislative intent in enacting the statute." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 227, 714

N.E.2d 394 (1999), citing *State v. S.R.*, 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). "'Furthermore, words must be taken in their usual, normal or customary meaning.'" *Id.*, quoting *S.R.* at 595.

{¶18} On appeal, Smith contends that his prison term is contrary to law because a sentence of "twenty (20) years to life" is not an authorized sentence for aggravated murder. The state concedes that Smith's sentencing entry does not precisely track the statutory language used in R.C. 2929.03(A). However, the state maintains that a prison term of "20 years to life" has the same "practical effect" of a sentence imposed under R.C. 2929.03(A) in terms of Smith's eligibility for parole after serving 20 years in prison. Thus, the state contends that Smith's argument on appeal presents "a distinction without a difference." For the reasons that follow, we are unpersuaded by the state's position.

{¶19} Here, Smith's appeal relies extensively on the decisions rendered in *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, and *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2016-Ohio-7658. In *Kemp*, the defendant was convicted of murder in violation of R.C. 2903.02(A), and was sentenced to "life in prison with eligibility for parole after 15 years." Based on the trial court's failure to adhere to the statutory language provided in the sentencing statute applicable to murder convictions, this court determined that the sentence imposed by the trial court was contrary to law, stating:

> Pursuant to R.C. 2929.02(B)(1), "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." Accordingly, the sentence imposed by the trial court is contrary to R.C. 2929.02(B)(1); Kemp should have been sentenced to "an indefinite term of fifteen years to life."

*Id.* at ¶ 75.

{¶20} Similarly, in *Duncan*, the defendant was convicted of felony murder in violation of R.C. 2903.02(B) and, as in *Kemp*, was subject to R.C. 2929.02(B)(1), which mandates an indefinite prison term of fifteen years to life. In *Duncan*, however, the trial court sentenced the defendant to a prison term of "life with the possibility of parole." In vacating the trial court's sentence, the Second District relied on *Kemp,* in determining that the trial court exceeded its authority by sentencing the defendant to a prison term that "appears more like [the sentencing] language appearing in R.C. 2929.03(A)(1)(b)-(d)," and does not comport with the language of R.C. 2929.02(B)(1). In rejecting an argument that is analogous to that currently posed by the state in this case, the court explained:

> We reject the state's argument that the sentence imposed has no practical consequence because it has the same outcome for purposes of parole. Regardless of whether the two sentences permit parole at the same time, they are two different sentences. One is set forth by statute, the other is not. The trial court converted an indefinite sentence required by statute into a de facto definite sentence. Thus, we conclude that the trial court exceeded its authority in sentencing, rendering void the sentence imposed.

*Duncan* at ¶ 14.

{¶21} While recognizing the relevance of *Kemp* and *Duncan*, the state maintains that the decisions were incorrectly decided, because they require the trial court to track the statutory language in its judgment entry when imposing a sentence in contravention of established precedent. We disagree with the state's interpretation of *Kemp* and *Duncan*. In our view, the decisions do not require trial courts to provide a word-for-word recitation of relevant sentencing statutes. Rather, *Kemp* and *Duncan* recognize the fundamental differences between the sentences permitted for murder (R.C. 2929.02(B)) and aggravated murder (R.C. 2929.03(A)), and require the trial court to impose a sentence that comports with the language of the applicable statute.

**{¶22}** With that said, we recognize that this court has previously declined to apply *Kemp* and *Duncan* to a circumstance where the trial court sentenced the defendant to "20 full years to life in prison'" when the applicable statute required that he be sentenced to "life imprisonment with parole eligibility after serving twenty full years of imprisonment." *State v. Melton*, 8th Dist. Cuyahoga No. 107076, 2018-Ohio-4699, citing former R.C. 2929.03(C)(2). This court reasoned, in relevant part:

> After review, we find *Kemp* and *Duncan* to be distinguishable from the present case. Melton was sentenced under pre-S.B. 2 law. He was sentenced to an indefinite sentence of "20 full years to life in prison." Although not the exact wording of the statute, the trial court did not convert a "de facto definite sentence" into an indefinite sentence — as it did in *Kemp* and *Dunca*n — because Melton's sentence was already an indefinite sentence. Accordingly, we find that Melton's sentence is not contrary to law, and we are therefore barred by res judicata from addressing it.

*Id*. at ¶ 24.

**{¶23}** However, after careful consideration, we find the factual distinction present in *Melton* renders its conclusion inapplicable to the circumstances and specific arguments raised in this appeal. Unlike Smith, the defendant in *Melton* was subject to former R.C. 2929.03(C)(2), which applies to offenders who are found guilty of one or more specifications of aggravating circumstances listed in R.C. 2929.04(A). The distinction is important because the aggravating circumstances present in Melton's case required him to serve 20 *full* years of imprisonment before becoming eligible for parole, and made certain sentence diminutions codified under Ohio Adm.Code 5120-2-10 unavailable to him. For this reason, we find the trial court's inclusion of the term "full" in Melton's sentence was significant and avoided the "practical parole complications" associated with the trial court's failure to strictly adhere to the language set forth under former R.C. 2929.03(C)(2). Conversely, because Smith was not subject to the "full"

language discussed in *Melton*, we find *Kemp* and *Duncan*'s precise adherence to the language of the applicable sentencing statute to be instructive in this case.

{¶24} As stated, the trial courts in *Kemp* and *Duncan* erred by imposing a sentence on a murder conviction that more closely resembled the type of sentence that is appropriate for an aggravated murder conviction under R.C. 2929.03(A), i.e., a prison term of life with parole eligibility after a certain period of time. *See* R.C. 2929.03(A)(b)-(d). In contrast, the trial court in this case imposed a prison term that more closely resembles the type of indefinite prison term permitted for murder convictions under R.C. 2929.02(B)(1), i.e., a prison range defined by minimum and maximum terms. Thus, while *Kemp* and *Duncan* address the reverse sentencing scenario, the decisions demonstrate the legislatively constructed differences between the sentence permitted for aggravated murder and the sentence permitted for murder.

{¶25} We find no basis to invalidate the sentencing principles developed by this court in *Kemp,* and the Second District in *Duncan*. While the state's position of practicality is not lost on this court, we find the legislature's construction of the R.C. 2929.03(A) and 2929.02(B), and its decision to use different statutory language in each sentencing statute, was intentional. One expressly sets forth parole eligibility by statute, the other does not. *Duncan,* 2d Dist. Clark No. 2016-CA-77, 2016-Ohio-7658, at ¶ 14. Because the trial court imposed a sentence that does not comport with the statutory language set forth in R.C. 2929.03(A), we conclude that the trial court exceeded its authority in sentencing. Accordingly, the sentence imposed by the trial court is void; Smith should have been sentenced to "life imprisonment with parole eligibility after serving twenty years of imprisonment."

**{¶26}** Smith's sole assignment of error is sustained. Smith's sentence is reversed and vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion.

**{¶27}** Sentence vacated and remanded for resentencing.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR