[Cite as *State v. Kemp*, 2020-Ohio-697.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

THOMAS A. KEMP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0044**

---

Motion to Certify a Conflict

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Thomas A. Kemp, Pro se*, #209-194, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, Ohio 44044.

Dated: February 26, 2020

**PER CURIAM.**

{¶1} On December 5, 2019, we released our Opinion in *State v. Kemp*, 2019-Ohio-5094, -- N.E.3d -- (7th Dist.). On December 18, 2019, Appellant Thomas A. Kemp filed a motion to certify a conflict to the Ohio Supreme Court, pursuant to App.R. 25(A). As our Opinion does not conflict with *State v. Smith,* 2019-Ohio-155, 131 N.E.3d 321 (8th Dist.), we deny Appellant's motion.

{¶2} Motions to certify a conflict are governed by Article IV, Section 3(B)(4) of the Ohio Constitution. It provides: "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

{¶3} Under Ohio law, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. We have adopted the following requirements from the Supreme Court:

[A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the

certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Id.* at 596.

{¶4} The issue in this appeal centers around Appellant's sentence for his aggravated murder conviction. In relevant part, the former version of R.C. 2929.03(A), which was in effect at the time Appellant was sentenced, provided:

> If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

{¶5} Appellant argues that our Opinion is in conflict with *Smith, supra*. Appellant contends that the *Smith* court ruled that Mr. Smith's sentence violated R.C. 2929.03(A), and because this was essentially the same argument Appellant raised on appeal, he believes his sentence likewise runs afoul of R.C. 2929.03(A).

{¶6} In *Smith,* the Eighth District had before it a judgment entry sentencing the appellant to "twenty (20) years to life," with no mention of parole eligibility. *Id.* at ¶ 18. The court held on appeal that this language created an indefinite sentence, which did not comply with the requirements of R.C. 2929.03(A). *Id.* at ¶ 25.

{¶7} Our holding in the instant case relied on two significant facts that are not found within *Smith.* First, the judgment entry in the instant case was a pre-printed form

that did not specifically provide a means to notate parole eligibility. The trial court's use of "twenty years" as the minimum and "life" as the maximum on this form was the only manner in which the court could convey that while Appellant was eligible for parole after twenty years, he remained subject to a life sentence. Importantly, on March 20, 2012, Appellant was granted parole. Clearly, all parties understood that Appellant's sentence was not indefinite. Once Appellant was granted parole, he was released from what he argues is the determinate portion of his sentence. The appellant in *Smith* was denied parole based on his sentence and the fact that the parole board believed he posed a danger to the public, thus was still serving an indeterminate sentence. The fact that Appellant violated his parole and is now serving a life prison sentence for the violation does not change the significance that he was subject to and was, in fact, granted parole. Thus, the facts that support the instant holding are critically different from those in support of the holding in *Smith*. As such, this record does not reveal any conflict.

{¶8} Accordingly, Appellant's motion to certify a conflict is denied.


**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**


**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**


<u>Case No. 19 MA 0044</u>